ANNIE A. SEARS, Plaintiff, *v.* THE STATE OF NEW YORK, Defendant.
Claim No. 23,245.
BERTHA S. FRANCIS, Plaintiff, *v.* THE STATE OF NEW YORK, Defendant.
Claim No. 23,246.

Court of Claims, June 6, 1934.

*Goodhue, Morrison & Lynn* [*Charles Roden* of counsel], for the plaintiffs.

*John J. Bennett, Jr., Attorney-General* [*Burns F. Barford, Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J. The facts surrounding the accident are scarcely disputed by the State and we find the accident was caused by the negligence of the driver of the truck and that both claimants herein were free from contributory negligence. The question for us to determine is whether or not the State is liable for the acts of the driver of the truck. Was he an " officer or employee of the State," and did the accident occur while he was " acting as such officer or employee? " If this question is to be answered in the affirmative the State is liable under section 12-a of the Court of Claims Act.

The testimony is that the driver of the truck, by name Force, was on the day of the accident carried on the payroll of " Playland," which is an amusement park operated by the Westchester county park commission. The truck which he drove was owned by the Westchester county park commission. The accident occurred ten miles from " Playland " and at a point on the Westchester county parkway called the Loop, located three miles east of Peekskill.

At the time of the accident and immediately prior to it, Force with the truck was engaged in doing some work attendant on the operation and maintenance of the Westchester county parkway

and not attendant on the operation and maintenance of " Playland."

We find that on the occasion of the accident the truck and its driver were engaged by the Westchester county park commission as agent for the State. Therefore, under the broad provisions of section 766 of the Conservation Law, as amended by chapter 559 of the Laws of 1932, we believe the State to be liable and so find.

BARRETT, P. J., concurs.