GEORGE MALTBY, Respondent, *v.* COUNTY OF WEST-CHESTER, Appellant.

(Argued April 30, 1935; decided May 21, 1935.)

*William A. Davidson, County Attorney (Grant C. Fox* and *Ogden C. Noel* of counsel), for appellant.

*Durrell L. Lord* and *Mortimer C. O'Brien* for respondent.

CRANE, Ch. J.   On January 13, 1931, near Camp Fire road on Bronx Parkway Extension No. 3, George Maltby, the plaintiff, was injured by a chain connected with a crane which was being operated at that place.   The crane was being operated by Simon Morah.   The foreman in charge of the job was Edwin Brawley.   All the work was being done by Westchester County Park Commission acting as agent for the State of New York by reason of a legislative enactment.

Such is the stipulation of the parties on the trial of this case.   It is supplemented by evidence which shows that the work being done was State work paid for by the

State, and that at the time the Westchester County Park Commission was the agent of the State in doing the work. The county of Westchester has been sued, and a misunderstanding regarding the party liable has been due to legislation creating the Westchester County Park Commission as a possible agent of the county of Westchester for certain park work, and thereafter making it the agent of the State for the building and construction of the Bronx Parkway extension.

Chester A. Garfield, a representative of the county of Westchester, testified, " It is a fact that Sawmill River Parkway was built by Westchester County Park Commission and paid for by the County, but where the accident occurred on the Bronx Parkway Extension, the work was done by the Westchester County Park Commission as agent for the People of the State of New York, paid for entirely by the State of New York. * * *

" Q. Where does the money come from with which the employees of the County Park Commission were paid? A. If they are on County work, funds come from appropriations from the County to the Park Commission, in the hands of the County Comptroller. If they are on State work, they are paid from the appropriations made available by the State of New York, in these various accounts in which they have designated the Park Commission as their agent.

" Q. And the County Park Commission is under supervision and subject to the control of the Board of Supervisors of Westchester County? A. Only to the extent of County work. They have nothing to do with and no control of the Westchester County Park Commission while acting as agents of the State.

" Q. But isn't it a fact that before the County Park Commission can do anything in accordance with Legislative enactments, the Board of Supervisors must approve the enactment and permit the County Park Commission to go ahead? A. The Board of Supervisors had nothing

to do with the work on the Bronx Parkway Extension either in approval or disapproval."

The legislation justifying this dual capacity of the Park Commission is found in the following laws: Chapter 292 of the Laws of 1922 provided that the Board of Supervisors of the county of Westchester shall appoint nine citizens and residents of said county who shall constitute a Board of Commissioners under the name and style of "Westchester County Park Commission." It is authorized to control and manage any and all parks which are owned or may thereafter be acquired by the county of Westchester. With the approval of the Board of Supervisors the Board may acquire by condemnation additional property for parks by purchase or by condemnation proceedings. It shall also have the sole and exclusive control and management of all streets and highways and bridges within the limits of any park under its jurisdiction, with the right and power to alter or discontinue them, and may make rules and regulations and ordinances for the use of the parks. This sketchy outline indicates that at the beginning the Commission was created for the purpose of managing and controlling Westchester parks in behalf of and for Westchester county. The county paid the bills and all expenses by bond issues, where necessary. The Commission, in many of these activities, was acting as an agent of the county.

Later, however, the State undertook the extension of some of the parkways connecting the roads with other State highways, and did this at its own expense, using the Commission as a State agent for the purpose.

Chapter 693 of the Laws of 1923 and chapter 602 of the Laws of 1924 made appropriations for the parkway extensions, sections 3 and 4 of the latter statute providing: "For parkway connections between the Bronx river parkway and the bridge from Peekskill to Bear mountain in Westchester county, $1,000,000 * * *. The moneys for the Bronx parkway extensions and con-

nections shall be expended by the Westchester county park commission as the agent of the state, or otherwise as the legislature may determine."

In chapter 16 of the Laws of 1926, section 2, subdivision 7, there is this provision, following an appropriation of a million dollars, " The moneys for the Bronx parkway extension and connections shall be expended and the lands shall be acquired by the Westchester county park commission as the agent for the state. Lands for such parkway extensions and connections shall be acquired in the manner provided by statute for the acquisition of lands by the Westchester county park commission, but such lands, when acquired, and such improvements shall be the property of the state."

Work, therefore, on the Bronx Parkway Extension No. 3, where George Maltby was hurt, was being performed and paid for by the State through the Westchester County Park Commission as its agent. Maltby was hurt through the negligence of a State employee, for whose conduct the county of Westchester is not liable.

The Legislature has recognized that the State and not the county should be and is liable for the negligence of its employees working through the Westchester County Park Commission on State work, and a few months after this accident to the plaintiff, and in March of 1932, passed chapter 559 of the Laws of 1932 (amending Conservation Law, § 766, Cons. Laws, ch. 65), which defined the powers of the Westchester County Park Commission as agent for the State and, by section 1 of that act (Conservation Law, § 766, subd. 10), said, " All claims against the state or the commission to recover damages for injuries to person or property shall be heard and determined by the court of claims. Such claims must be submitted as provided by, and pursuant to the procedural provisions of the court of claims act."

Whether the plaintiff may now be heard at the Court of Claims we do not undertake to say as the question

has not been presented and is not before us on this appeal.

We are obliged to decide, however, that the county of Westchester is not liable, and that the judgments below should be reversed, and the complaint dismissed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.