ANNIE A. SEARS, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 23245.) BERTHA S. FRANCIS, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 23246.) — Appeals from judgments of the Court of Claims in favor of claimants for damages for alleged negligence. On November 1, 1932, at a place called the Loop, on the Westchester county parkway, about three miles from Peekskill, claimant Sears was riding in an automobile owned by the claimant Francis. A truck of the Westchester county park commission made a left-hand turn in front of claimant's automobile, causing the accident and injury in question. The court below made no finding as to whether the work in which the driver of the truck was engaged was being performed and paid for by the State. (See *Maltby* v. *County of Westchester*, 267 N. Y. 375.) The court does not pass upon the ques-

tion as to whether the evidence in the record is sufficient to sustain such a finding. On this point the proof was meagre and unsatisfactory. The facts appear to be readily available. Judgment reversed on the law and new trial granted, without costs to either party. Rhodes, McNamee and Bliss, JJ., concur; Hill, P. J., dissents, with a memorandum in which Heffernan, J., concurs. Hill, P. J. (dissenting). The opinion in the Court of Claims [152 Misc. 32] recites " We find that on the occasion of the accident the truck and its driver were engaged by the Westchester county park commission as agent for the State." If this be a finding of fact and if the evidence sustains the inference, claimant is entitled to recover. (*Maltby* v. *County of Westchester*, 267 N. Y. 375.) Men were working at the " Loop," a State project. The movements of the truck sustain the inference that the driver was working with the other State employees on the State work. The evidence was meagre, but I believe sufficient. Heffernan, J., concurs.