STEPHEN PANTESS, Respondent, *v.* SARATOGA SPRINGS AUTHORITY, Appellant.

Third Department, November 23, 1938.

*Spencer B. Eddy*, for the appellant.

*Harold E. Blodgett* [*Howard Murrin* of counsel], for the respondent.

McNAMEE, J. The defendant conducted a so-called Cure at Saratoga Springs by dispensing the medicinal waters indigenous there and by administering various medical treatments for the benefit of all those who resorted to these aids to health. The plaintiff submitted himself for treatment at one of defendant's baths, at the hands and under the direction of authorized employees

of the defendant, and in the procedures that followed he suffered injury from burning on September 17, 1937. He now seeks a judgment of the Supreme Court for damages against the defendant, charging that there was negligence in applying the treatment.

The defendant moved to dismiss the complaint on the ground that the defendant was an agency of the State and that the claim, in fact, was one against the State, and, accordingly, should be prosecuted in the Court of Claims, under section 12-a of the Court of Claims Act, and that the Supreme Court was without jurisdiction. The motion was denied, and this appeal taken. Thus is presented the basic question whether the State itself is carrying on the Cure as a part of its public health policy and function and is employing the defendant as a mere agency to that end, or has delegated governmental powers to the defendant to be exercised by the Authority apart from State liability.

By the statute creating the defendant Authority (Laws of 1933, chap. 208) it is provided that the Authority shall be a body corporate which may sue and be sued; that it should develop the Saratoga Cure for public health purposes, and that such development is a part of the health policy of the State; that the Authority may delegate such of its powers as it deems proper to its employees. It is provided also that the Civil Service Law and the State Retirement System shall apply to its officers and employees; that it may lease real property, make contracts, charge fees for its service, conduct scientific studies, co-operate with health, education and medical agencies, and have a board of physicians (§ 3). Its moneys are directed to be paid to the Department of Taxation and Finance as the *agent for the Authority*, and be paid out on the warrant of the State Comptroller (§ 4). The Authority was given power, for its own purposes, to issue bonds, which shall not become a debt of the State (§§ 5 and 8), and when its purposes shall have been accomplished its property shall revert to the State. There is nothing in the act requiring the State to maintain or contribute to the Authority, although it does in fact make appropriations toward its expenses.

There are activities which are governmental in their nature which are carried on directly by the State, although through an agency employed for that purpose; and there are still others for the carrying out of which the State has delegated to an agency the necessary powers to that end. It must be borne in mind that we are not attempting to determine whether plaintiff has an enforcible cause of action on account of the injuries which he received; but, assuming that he can prove a case, the question is whether the Authority is liable for his injuries or is the State to respond under the provisions of the Court of Claims Act.

Where the State assumes to act directly in the carrying out of its governmental function, even though it create and use a corporation for that purpose, it assumes responsibility for the conduct of its agent. Thus the State may choose to create and maintain a State system of parks, and thereby subject itself to liability for the negligence of its officers and employees (Court of Claims Act, § 12-a; *Maltby* v. *County of Westchester*, 267 N. Y. 375, 379); or, with like liability, it may provide for the imprisonment of young delinquents and commit their custody to an authorized institution for the purpose (*Paige* v. *State of New York*, 269 N. Y. 352). But, when the State *delegates* the governmental power for the performance of a State function, the agency exercises its independent authority as delegated, as does a city, and its responsibility for its acts must be determined by the general law which has to do with that class of agent and corporate activity, apart from liability on the part of the State. That is the case when the State delegates its State function of education to a school board, its public health function to a local board of health, when it delegates broader governmental functions to a county, city or village. In such instances there is no authority for making claim against the State, but the agency exercising the delegated authority must respond for its own actionable conduct.

The line which will separate one of these two classes of agencies from the other may be dim at times and difficult to discern as the varying facts and statutory provisions are considered. It may well be that in some instances the history of the cases alone will be the guide, while in others the agency must be classified according to the facts of the particular case, apart from particular enactment and precedent.

It is urged in this case that the State was conducting the Cure because the moneys belonging to the Authority are deposited with the State and paid out on the warrant of the State Comptroller; that its officers and employees are brought within the provisions of the retirement and civil service systems of the State; and because when the Authority's purposes shall have been accomplished, its property will pass to the State. These considerations in themselves are not decisive, and are not unusual in State agencies to which governmental powers have been delegated and for which the State is not thought by any one to be liable. These arguments are true in one degree or another, or in one manner or another, in the public school system of the State. The State determines the qualifications of teachers and provides for their retirement in part with its own money, and even contributes to their salaries and the maintenance of the schools, and school property is commonly held

by or reverts to the municipality within which the school is located. None of these considerations have been regarded by the courts as a basis of liability on the part of the State for the conduct of boards of education.

We regard the Saratoga Springs Authority as an agency exercising governmental powers, and the performance of its functions is not so closely allied or held in such intimate relation to the health activities carried on by the State itself as to make its work a part of the health work carried on directly by the State. The State did not " employ " the Authority to that end. (*Paige* v. *State of New York, supra*, p. 356.) The State is not liable for the torts of the Authority; and if an actionable cause exists in favor of the plaintiff it may be enforced only against the defendant or those persons whose negligence caused the injury. From this it follows that claimant's claim may not be prosecuted in the Court of Claims, and that the Supreme Court has jurisdiction of the subject-matter.

The order of the Special Term denying defendant's motion to dismiss the complaint should be affirmed, with costs.

HILL, P. J., and CRAPSER, J., concur; RHODES and BLISS, JJ., concur in the result.

Order affirmed, with ten dollars costs and disbursements.