Ryan, P. J.
This claim was filed May 26,1954. It alleges that the claimant was injured on account of the negligence of the State of New York and the Saratoga Springs Authority when she was in the corridor of the Washington Baths. It also alleges that the said building is owned, maintained, operated and controlled by the State of New York and the Saratoga Springs Authority. But the caption of the claim names only the State of New York as defendant.
Under date of September 27, 1954, this court granted an examination of both the State of New York and the Saratoga Springs Authority before trial and it now appears that, pursuant to said order, such examination has been conducted, that the Authority has appeared and has been examined and that upon such examination it was represented not only by the Attorney-General but also by its special counsel.
By notice of motion, not supported by any affidavit, the defendant State of New York now seeks an order dismissing the claim on the ground that the State of New York is not the proper party defendant. By cross motion the claimant seeks an order amending the title of the action nunc pro tunc as of the time of its commencement to include and designate herein as a party defendant the Saratoga Springs Authority and to amend the title of the action so that both the State and the Authority are named defendants in the caption herein. The claimant also asks for such other and further relief as the court may deem just and proper.
Following the decision in Pantes v. Saratoga Springs Auth. (255 App. Div. 426 [1938]), the Legislature by section 1 of chapter 871 of the Laws of 1939, enacted section 1306-a of the Public Authorities Law. This statute expressly confers jurisdiction upon this court to hear the claims of any person against the Authority, “ sounding in tort alleged to have been committed by any officer, agent, servant or employee of the state or the authority employed in, on or about the property of the authority ’ ’ and, in its concluding sentence, states, ‘ the state shall not be liable for the payment of any awards made or judgments rendered pursuant to this section and all such awards and judgments shall be satisfied only out of and to the extent of the moneys and properties of the authority. ’ ’
By article 15 of the Conservation Law, the Legislature set up within the Conservation Department the division of the Saratoga Springs reservation and it would appear that the reservation property is still owned by the State of New York but is leased to the Saratoga Springs Authority. (Public Authorities Law, § 1303, subd. 17, as amd. by L. 1953, ch. 51, § 1.)
*668 The court is satisfied from a recital of the facts in the affidavit supporting the cross motion and from an examination of the statutes that there maybe questions of fact which can be determined only upon a trial of the issues herein and that the claimant herein is entitled to the relief sought by joining the Authority as a party defendant.
Certainly if the claimant had proceeded by separate motion pursuant to subdivision 5 of section 10 of the Court of Claims Act to seek permission to filé a claim against the Authority and had presented the identical affidavit which supports this motion, tne court would feel compelled to grant such relief. To deny the claimant the relief she does seek herein would merely put her in the position of starting her proceedings de novo. We see no necessity for such additional procedures. The claim alleges a cause of action against both the Saratoga Springs Authority and the State of New York. The Authority has appeared by its counsel in a proceeding preparatory to trial of the issues herein. Under the statutes made and provided this court has jurisdiction to hear and determine claims not only against the State of New York itself but also against the Saratoga Springs Authority. As the pleading alleges that both the State of New York and the Authority, through their respective officers, agents, servants and employees, participated in the tortious acts against her the Saratoga Springs Authority should be added as party defendant. (Civ. Prac. Act, § 192; Manufacturers Trust Co. v. American Nat. Fire Ins. Co., 232 App. Div. 535 [1931].)
For the foregoing reasons, the motion by the Attorney-General to dismiss the claim against the State is denied and the motion by the claimant to add the Saratoga Springs Authority as party defendant is granted. Submit order.