Van Voorhis, J.
(dissenting). This is a negligence action in the Supreme Court to recover damages for personal injuries against the New York State Thruway Authority, which has moved to dismiss the complaint upon the ground that on the face of the complaint the Supreme Court lacks jurisdiction of the subject matter of the action (Rules Civ. Prac., rule 106). Its contention is that section 361-b of the Public Authorities Law, effective April 7, 1954, confers exclusive jurisdiction of this kind of litigation upon the Court of Claims. Prior to the enactment of this section, the State took a different view (Strang v. State of New York, 206 Misc. 734) by successfully moving to dismiss a proceeding for similar relief in the Court *380 of Claims upon the ground that 1 ‘ The Thruway Authority was created as a separate body corporate and politic constituting a public corporation with authority to sue and to be sued. (Public Authorities Law, §§ 352-354.) ” For that reason it was held that the claimant should have sued upon the same cause of action in the Supreme Court. A like result was reached in Pantess v. Saratoga Springs Auth. (255 App. Div. 426) on similar reasoning. The Appellate Division’s opinion therein applies to the present question, these paragraphs being especially apt: ‘ ‘ Where the State assumes to act directly in the carrying out of its governmental function, even though it create and use a corporation for that purpose, it assumes responsibility for the conduct of its agent. Thus the State may choose to create and maintain a State system of parks, and thereby subject itself to liability for the negligence of its officers and employees (Court of Claims Act, § 12-a; Maltby v. County of Westchester, 267 N. Y. 375, 379); or, with like liability, it may provide for the imprisonment of young delinquents and commit their custody to an authorized institution for the purpose (Paige v. State of New York, 269 N. Y. 352). But, when the State delegates the governmental power for the performance of a State function, the agency exercises its independent authority as delegated, as does a city, and its responsibility for its acts must be determined by the general law which has to do with that class of agent and corporate activity, apart from liability on the part of the State. That is the case when the State delegates its State function of education to a school board, its public health function to a local board of health, when it delegates broader governmental functions to a county, city or village. In such instances there is no authority for making claim against the State, but the agency exercising the delegated authority must respond for its own actionable conduct. * * *
“ We regard the Saratoga Springs Authority as an agency exercising governmental powers, and the performance of its functions is not so closely allied or held in such intimate relation to the health activities carried on by the State itself as to make its work a part of the health work carried on directly by the State. The State did not ‘ employ ’ the Authority to that end. (Paige v. State of New York, supra, p. 356.) The State is not liable for the torts of the Authority; and if an actionable cause exists in favor of the plaintiff it may be *381 enforced only against the defendant or those persons whose negligence caused the injury. From this it follows that claimant’s claim may not be prosecuted in the Court of Claims, and that the Supreme Court has jurisdiction of the subject-matter ’ ’ (pp. 428-429). After the Pantess decision, section 1306-a of the Public Authorities Law was enacted, in terms granting jurisdiction to the Court of Claims over causes of action sounding in tort against the Saratoga Springs Authority, which is what section 361-b purports to do in case of the present claim against the Thruway Authority. The constitutional validity of the latter Section is challenged upon this appeal.
The charges of invalidity stem from the constitutional limitation of the jurisdiction of the Court of Claims to situations where a claim is made against the State, contrasted with the independent entity of the Thruway Authority as a public corporation, and the direction in section 361-b that 1 ‘ All awards and judgments arising from such claims shall be paid out of moneys of the authority. ’ ’ The Thruway Authority, to be sure, conducts a governmental function of the State in the construction and maintenance of a highway (People ex rel. Van Keuren v. Board of Town Auditors, 74 N. Y. 310). The State itself could have performed that function through the instrumentality of an agency acting in its behalf (Maltby v. County of Westchester, 267 N. Y. 375; Paige v. State of New York, 269 N. Y. 352; Pauchogue Land Corp. v. State Park Comm., 243 N. Y. 15; Conklin v. Palisades Interstate Park Comm., 282 App. Div. 728). We disagree with the majority opinion that this is what the Legislature did in case of the Thruway Authority. The Legislature has a choice in the selection of the kind of agency or authority which it creates for the performance of governmental functions. It can be a mere commission or alter ego of the State, which transacts the business at hand in the same manner as though it were performed by any officer or employee of the State with the consequence that, if governmental immunity is waived, the State is liable under the rule of respondeat superior; or it may set up an authority having an independent status as a public corporation. By special act, the Legislature has created some forty-five different Authorities under section 5 of article X of the Constitution, which provides that “ No public corporation (other than a county, city, town, village, school district or fire district or an improvement district established in a town *382 or towns) possessing both the power to contract indebtedness and the power to collect rentals, charges, rates or fees for the services or facilities furnished or supplied by it shall hereafter be created except by special act of the legislature.” The special act creating the Thruway Authority (L. 1950, ch. 143, adding tit. 9 to art. 2 of the Public Authorities Law, §§ 350-375), establishes it as “a body corporate and politic constituting a public corporation” (§ 352), having power “ To sue and be sued ”, in conformity with section 4 of article X of the Constitution, which provides that “ all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons. ’ ’
We are confronted, therefore, with a public corporation having an independent legal entity and status of its own, not a mere agent of the State as was the ease in Maltby v. County of Westchester (supra); Paige v. State of New York (supra); Pauchogue Land Corp. v. State Park Comm, (supra); Conklin v. Palisades Interstate Park Comm. (supra). It is a separate entity resembling the Saratoga Springs Authority. The State has delegated governmental power to the Thruway Authority, to be exercised by it as an independent public corporation, for the performance of a State function, “as does a city”. (Pantess v. Saratoga Springs Auth., supra, p. 428.) The parallel of this public corporation with counties, cities, towns, villages, school districts, fire districts or improvement districts is recognized in section 5 of article X of the Constitution. Like them, the Thruway Authority is invested by statute with “ performing a governmental function in carrying out its corporate purpose and in exercising the power granted by this title.” (Public Authorities Law, § 353.)
If the Court of Claims can be vested with jurisdiction over causes of action sounding in tort against the Authority for the reason that it performs a governmental, function, so, also, could it be authorized exclusively to hear and determine similar causes of action against cities, counties, towns, villages, school districts, fire districts or improvement districts which also perform governmental functions of the State (cf. N. Y. Const., art. X, § 5).
The question in this case is whether, without impairing the independent corporate status of the Thruway Authority, and without imposing liability for tort claims upon the State itself, *383 the Court of Claims can be moulded into a forum for adjudication of claims against the Authority. Whatever may have been the power of the Legislature to do this prior to the adoption of section 23 of article VI of the Constitution, effective in 1950, since then the jurisdiction of this court has been established by the Constitution, which states: “ The court shall have jurisdiction to hear and determine claims against the state or by the state against the claimant or between conflicting claimants as the legislature may provide. The practice and procedure shall be that now or hereafter provided by law.” If, in adopting this amendment, the People had intended merely to provide an irreducible minimum of jurisdiction in the Court of Claims, with power in the Legislature to supplement its constitutional jurisdiction by conferring statutory power to act in other fields, the Constitution would have said so, as it does in providing by section 11 of article VI that “ The legislature may hereafter enlarge or restrict the jurisdiction of the county courts On the contrary, the intention was to deny power to the Legislature to “ enlarge or restrict ” the jurisdiction of the Court of Claims. “ The practice and procedure ” are to be as “ now or hereafter provided by law”; the jurisdiction is to hear and determine claims against the State or by the State against the claimant or between conflicting claimants “ as the legislature may provide ’ ’: that is to say, where the Legislature has waived immunity. Procedural legislation is thus authorized in order more effectually to carry the constitutional jurisdiction of the Court of Claims into effect, but nowhere is the Legislature authorized to augment or limit its jurisdiction. The very mention of legislation for this subordinate purpose shows that no power was intended to reside in the Legislature to change the constitutional jurisdiction in substantive respects. This amendment to the judiciary article of the Constitution was not designed to permit different branches of the Court of Claims, one with a constitutional status and the other purely statutory, which latter might be abolished and whose Judges might be legislated out of office as was done in People ex rel. Swift v. Luce (204 N. Y. 478) before it became a constitutional court. In other words, it could not have been contemplated that there would be a constitutional court to decide claims against the State and a court having merely statutory status to decide claims against public authorities, and cities, counties, towns, villages *384 and school, fire or improvement districts, if the Legislature so elected. The argument that there is some interrelation of the Thruway Authority and the State, as by the application of the Civil Service Law, supervision by the State Comptroller and State Superintendent of Public Works, the use of the State’s real property, and the like, would apply to these other governmental bodies as well as to almost any of the forty-five public authorities in the State. All of these public or municipal corporations or political subdivisions perform governmental functions of the State, that have been delegated to them in their independent capacities.
Regardless of whatever power the Legislature may have to waive governmental immunity on condition that tort claims be prosecuted in the Court of Claims, unless the claims are against the State, payable from its funds, section 23 of article VI of the Constitution would be violated by granting jurisdiction to the Court of Claims over causes of action that are not against the State but are against these independent public corporations.
The exigencies of government have caused public authorities performing a wide variety of functions to increase and multiply in recent years. They might as well not be created if their separate, corporate existences are to be overridden whenever it is convenient to do so. We think that it was not the intention of the Legislature or of the Constitution to establish public authorities in name only, having the powers but lacking the status and responsibilities of independent corporate entities. In that event their standing would be undermined and their usefulness impaired.
The judgment appealed from should be reversed, and defendant’s motion denied with costs in all courts.
Conway, Ch. J., Dye and Fuld, JJ., concur with Desmond, J.; Van Vooehis, J., dissents in an opinion in which Bubke, J., concurs; Feoessel, J., taking no part.
Judgment affirmed.