█ BURDETTE R. TOMPKINS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 34193.) — Appeal from an order of the Court of Claims. The claim pleads causes of action against the State of New York based on tort. The State appeals from the denial of its motion in the Court of Claims to dismiss the claim. It is alleged that "the State of New York through its Department of Public Works and/or Thruway Authority" caused the wrongs of which claimants complain. In respect of the Thruway Authority this is not a claim made against the Authority as such in the Court of Claims under the Public Authorities Law (§ 361-b) which authorizes claims against the Authority, as distinguished from the State itself, to be prosecuted in the Court of Claims. It is, on the contrary, a claim against the State of New York itself for the torts of the Thruway Authority. No doubt exists that a claim against the State lies for the torts of "its Department of Public Works". The State contends that under the alternative form of pleading used here ("Department of Public Works and/or Thruway Authority") the claimants must show a good cause of action to be stated by both alternatives; and if either alternative fails in this respect the claim must be dismissed. The claimants' brief and argument concede this principle, but suggest a claim is properly pleaded against the State for the torts of the Thruway Authority. Claimants contend that what they have pleaded is "an express agency" of the Thruway to act for the State in the reconstruction of a portion of public highway No. 5499, by which they were damaged through tort. The legal possibility might exist that if the Thruway Authority contracted with the State to do work beyond its official functions described in Public Authorities Law, the State would incur a liability in its role as State for torts. But this is not what the claim pleads. It alleges that the tort was committed by the State "through its ° ° ° Thruway Authority". This merely pleads that the Thruway Authority was acting for the State within its statutory functions. The Authority is a creature of the State, and a "public corporation" of the State. (Public Authorities Law, art. 2, tit. 9). It carries out State functions and purposes and the State acts "through" it in all those functions in the sense of its public purpose and agency. Adequate provision has been made for prosecution of tort claims against the Authority in the Court of Claims, and the State is not also separately liable for all such claims because the legal conclusion, without factual segregation of the event or transaction, that the State acted "through" the Authority. This is not an allegation of separable agency; it is an allegation of the usual functions of the Authority. For torts of the Authority in performance of those functions the State is not liable. (*Malone* v. *State of New York*, 1 N Y 2d 837; *Pantess* v. *Saratoga Springs Auth.*, 255 App. Div. 426; cf. *Matter of Plumbing Assn.* v. *Thruway Auth.*, 4 A D 2d 541.) Since the claim is to be dismissed on this ground it is unnecessary to reach the other questions raised. Order reversed and claim dismissed, with costs to appellant. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.