Ronald E. Coleman, J.
The claimant, an incompetent, 62 years old, was a patient since May, 1954, of the Middletown State Hospital, Middletown, New York, a State institution under the supervision of the Mental Hygiene Department. His mental condition was found to be dementia praecox, simple type. In June, 1954, as part of a family care program, the authorities at the hospital placed the claimant at the farm of Clive Franks at Harvard, New York.
Under the family care plan, patients were encouraged to take part in as many as possible normal activities. In fact, the family care instructions issued to the Franks and other families taking these patients under the heading of “ What May Patients Do? ” suggested that the patients be allowed to do “ Some regular daily work activity should be provided for patients who are physically able. Patients should be encouraged to participate but should not be compelled to do so. It is wise to encourage patients to do things in which they have expressed some interest.” The claimant was physically able to do work and while at the Franks’ farm had been doing various farm chores including picking up and piling wood as it was sawed by Mr. Franks on a motor-driven buzz saw. The Franks’ farm home was visited periodically by social workers from the hospital who checked on the patient’s activities and they were aware of the fact that the claimant was doing work around the farm.
On November 5, 1957 Clive Franks allowed the claimant to saw wood on the buzz saw for the first time. As he commenced to do so, a piece of wood struck the claimant in the eye, face and nose. As a result it was necessary to make repairs to his nose and to perform an operation on his left eye and a total enucleation of the left eye was had. Subsequent to that the claimant was furnished with an artificial eye. The State provided the necessary medical care.
The claimant had never been instructed in the use of the buzz saw. He had, however, on prior occasions and on the day of the accident, indicated to Mr. Franks his interest in operating 't^e saw. It was the usual type buzz saw and it was not shown thaK this saw was anything other than the type normally used on \ *173 farms for cutting firewood. Such a saw is to he used with caution by a competent person familiar with its operation. To have allowed a simple person such as the claimant to operate the saw was a dangerous thing to do and constituted negligence. The danger of injury to such a person could have been reasonably foreseen.
The State contended that it had no knowledge of the fact that the claimant was allowed to operate the saw, and further, it was not responsible for any negligence on the part of Mr. Franks in allowing him to have used the saw. Subdivision 12 of section 34 of the Mental Hygiene Law deals with family care and provides, in part, 11 All patients placed in family care shall remain patients of the institution until they are discharged therefrom or placed in convalescent status.” The Franks were paid for taking care of the claimant and the claimant’s committee made payments to the Mental Hygiene Department for his care and treatment from 1954 down to and including the date of his accident. Clive Franks was an agent or employee of the State and it is responsible for his negligent acts resulting in the injuries to the claimant. (Paige v. State of New York, 269 N. Y. 352; Maltby v. County of Westchester, 267 N. Y. 375.)
The negligence of the State, its agent or employee, in failing to properly supervise the claimant, was the sole and proximate cause of the injuries sustained by him. Claimant was not guilty of contributory negligence. Claimant is awarded the sum of $15,000. All motions made are denied with an exception to the party aggrieved.