J. Seward Bodine, J.
The claimant, Lawrence Hawley, was committed to the Syracuse State School by court order in 1947 *276 and a certificate was thereafter duly filed making the commitment permanent until discharge. The claimant has not yet been discharged and so is technically still an inmate.
At the time of the accident claimant had reached 25 years of age but his mentality was about equal to a normal child of 8 to 9 years and his I. Q. was 61. He could not read or write. He was removed from school at the age of 16 as having reached ' his academic peak at the end of second grade.
He was given vocational training as a farmer and was eventually placed with area farm families on convalescent care contracts. It was known that he could perform only simple chores under close supervision.
In July of 1958 he was assigned to Robert Thompson, a farmer of Phoenix, New York, under such a contract which called for regular written reports on his progress and the payment of certain wages to the institution after deducting $5 per week for spending money. The responsibility for his welfare and safety still remained with the State, and the farmer became the agent of the State in this respect.
The claimant contends that the State failed to inform Mr. Thompson fully of his mental capacity and need for close supervision. The testimony tends to confirm this.
On September 23, 1959 while “ topping off ” a silo, claimant was directed to climb some 40 feet to the top and aid in raising the discharge tube of the ensilage blower. Claimant did so and stood on a narrow platform at the top of the silo. The platform collapsed causing claimant to fall .to the ground. As a result both ankles were fractured, the left one severely, and he sustained a compression fracture of the second lumbar vertebra. The injuries were very painful and disabling but healed quite well except for the left ankle. The break there was serious and produced a shortening of the leg and thickness of the joint. It is obvious that additional surgery may eventually be required and it may be necessary to fuse the joint at more expense and further limitation in its use.
This case cannot be distinguished from Hendler v. State of New York (33 Misc 2d 171), in which an award was made to claimant.
The claimant was not guilty of any contributory negligence, but the farmer, who was the agent of the State, was negligent in requiring claimant to work in such a dangerous place.
The claimant is entitled to an award for his pain and suffering, medical expenses and loss of use of his left leg in the sum of $54,000.