OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
This is a motion to dismiss the above-entitled claim on the grounds that the claim fails to state a cause of action (CPLR 3211, subd [a], par 7) and that the court has no jurisdiction over the subject matter. (CPLR 3211, subd par [a], 2.)*
The claimant seeks damages for the failure of the Western Regional Off Track Betting Corporation to honor a winning trifecta wager placed at its office in Seneca Falls, New York.
The question presented is whether the Western Regional Off Track Betting Corporation is a State agency, so as to give this court jurisdiction over the subject claim. (See Court of Claims Act, §§ 8, 9.)
Off-track betting corporations are designated as public benefit corporations. (Regional Off-Track Betting Corporation Law, § 172, L 1973, ch 346, § 5.) A public benefit corporation is “organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to *869 the people thereof.” (General Construction Law, § 66, subd 4.) Although off-track betting corporations are subject to the general regulatory jurisdiction of the New York State Racing and Wagering Board, they are separate and distinct entities which act independently on their own behalf. (Regional Off-Track Betting Corporation Law, § 173, L 1973, ch 346, § 5.) They are endowed with broad powers that include, inter alia, the power to sue and be sued, acquire real and personal property, make by-laws for the management of their affairs, appoint officers, agents, and employees, and to enter into contracts. (Regional Off-Track Betting Corporation Law, § 173, L 1973, ch 346, § 5.) It is clear from this statute that the State has delegated all pari-mutuel betting functions to the regional off-track betting corporations. Hence, these corporations are not to be considered agents of the State, but are individually accountable for their own actions. (See Pantess v Saratoga Springs Auth., 255 App Div 426.) This is confirmed by the fact that the Legislature has established a separate procedure for bringing claims against such corporations. (Regional Off-Track Betting Corporation Law, § 184, L 1973, ch 346, § 5.)
In sum, the court has no jurisdiction over this claim and the same must be dismissed. Accordingly, it is ordered that defendant’s motion is granted and claim No. 65526 is dismissed.

 The papers considered on this motion are as follows: notice of motion with annexed affirmation; answering affidavit; claim.