FLORENCE STRANG, Claimant, *v.* STATE OF NEW YORK et al., Defendants. (Claim No. 32645.)

GLADYS McCABE, Claimant, *v.* STATE OF NEW YORK et al., Defendants. (Claim No. 32646.)

ALBERT STRANG, Claimant, *v.* STATE OF NEW YORK et al., Defendants. (Claim No. 32647.)

LEWIS B. McCABE, Claimant, *v.* STATE OF NEW YORK et al., Defendants. (Claim No. 32648.)

Court of Claims, November 4, 1954.

*Harry A. Rachlin* for claimants.

*Nathaniel L. Goldstein, Attorney-General (David V. Seaman* of counsel), for defendants.

RYAN, J. Claimants allege that they sustained personal injuries in an automobile accident on October 12, 1953, due to " the negligence of the State of New York and/or New York State Thruway Authority, their officers, agents, servants and employees ". Claimants filed notices of intention to file their respective claims in the office of the Clerk of the Court of Claims on December 11, 1953, and served copies thereof upon the Attorney-General the next day. That was within ninety days after the accident. Such action extended claimants' time to file and serve their claims, i.e., their pleadings, to a date within two years of accrual of each respective claim. (Court of Claims Act, §§ 10, 11.) However, their claims, or pleadings, were actually filed and served on June 23, 1954, and appear upon the calendar for an imminent term of court. Both the notices of intention and the claims proper respectively name the Thruway Authority as a party defendant.

The Attorney-General has moved to dismiss each claim against the Authority, on the ground that the " Thruway Authority is not a person or entity subject to the jurisdiction of this court ". That was true at the time of the accident and at the time of filing the notices of intention but was not true at the time of filing the claims. The Thruway Authority was created as a separate body corporate and politic constituting a public corporation with authority to sue and to be sued. (Public Authorities Law, §§ 352–354.) Formerly, jurisdiction of suits against it was vested in the Supreme Court. (*Pantess* v. *Saratoga Springs Authority,* 255 App. Div. 426, motion for leave to appeal to the Court of Appeals denied 256 App. Div. 871.) But by section 9 of chapter 517 of the Laws of 1954, effective April 7, 1954, exclusive jurisdiction to hear and determine the claims of any person against the Authority for its tortious acts was conferred upon this court. (Public Authorities Law, § 361-b.)

This new enactment created no new action or right of action. Prior to its effective date the Thruway Authority was subject to suit in the Supreme Court wherein, as we are informed, these claimants are currently plaintiffs in pending actions. The new statute did change procedure and the mode of attaining a right and thus appears to fall within the exception to the general rule that statutes will not be retroactively construed. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 55; *Lazarus* v. *Metropolitan Elevated Ry. Co.*, 145 N. Y. 581, 585; *Matter of Davis*, 149 N. Y. 539, 545; *People* v. *Green*, 201 N. Y. 172, 181; *Jacobus* v. *Colgate*, 217 N. Y. 235, 244; *Carder Realty Corp.* v. *State of New York*, 260 App. Div. 459.) It has been said that " in the absence of words of exclusion, a statute which relates to the form of procedure or the mode of attaining or defending rights, is applicable to proceedings pending or subsequently commenced." (*Matter of Davis, supra,* p. 545.) However, this precept " has been generally understood to refer only to those pending actions in which the procedural step changed by the new law has not yet been taken." (*People ex rel. Central New England Ry. Co.* v. *State Tax Comm.*, 261 App. Div. 416, 418.)

In each of these cases the filing of the notice of intention is a condition precedent to the maintenance of the suit for the reason that reliance on the filing of claims on June 23, 1954, more than ninety days having elapsed after their accrual, would not avail to give this court jurisdiction of either party defendant. But the prior statute (Public Authorities Law, § 354, subd. 1) merely provided that the Thruway Authority could sue and be sued. It contained no provision for giving notice of intention to sue to anyone on behalf of or in respect to the Thruway Authority. Hence the inclusion of that body in the notice given had no legal effect and was a nullity. " It is a general principle of construction that where a right is given by statute and a remedy provided in the same act the right can be pursued in no other mode." (*Matter of Meng,* 227 N. Y. 264, 277.) In the absence of express provision, chapter 517 of the Laws of 1954 does not have the retroactive effect of legalizing the notice of intention *nunc pro tunc* so as to give this court jurisdiction of the Thruway Authority.

Presumably, although this fact is not before us, claimants' respective Supreme Court suits against the Thruway Authority were begun prior to the effective date of chapter 517 of the Laws of 1954. If so, it would appear that claimants can be left to pursue their remedy there. That, of course, is for another tribunal to decide.

The Attorney-General's notice of motion recites other grounds for dismissal. We grant it only on the ground indicated and only to the extent of striking the Thruway Authority as a party defendant. Enter orders.