In the Matter of PLUMBING, HEATING, PIPING AND AIR CONDITIONING CONTRACTORS ASSOCIATION, INC., Appellant, et al., Intervenor-Petitioner, against NEW YORK STATE THRUWAY AUTHORITY et al., Respondents, and ROCKLYN CONSTRUCTION CORP., Intervenor-Respondent.

Third Department, November 15, 1957.

*Joseph J. Casey* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*John R. Davison* and *George H. Rothlauf* of counsel), for respondents.

*Edwin B. Wolchok* for intervenor-respondent.

*Charles H. Tuttle* for Mechanical Contractors Association of New York State, Inc., and another, *amici curiæ*.

COON, J. All parties agree that there is but a single issue of this appeal, and all seek a determination on the merits without regard to technical or procedural questions which have been or might be raised. The issue is whether section 135 of the State Finance Law applies to and is binding upon the New York State Thruway Authority.

In general, section 135 requires separate specifications and separate contracts for: (1) plumbing and gas fitting; (2) steam heating, hot-water heating, ventilating and air conditioning

apparatus; and (3) electric wiring and standard illuminating fixtures, in State contracts for the construction of buildings. The question arises because the Thruway Authority advertised for bids for the construction, plumbing, heating and ventilating, electric work, etc., for six police barracks along the Thruway, with specifications requiring but one bid for the entire project. The court below has held that section 135 applies only to State contracts, and that the Thruway Authority is a separate entity not bound by the provisions of section 135.

Petitioner-appellant was joined in its petition by the intervenor-petitioner. (No appeal is taken by the latter.) By leave of this court the Mechanical Contractors Association of New York State, Inc., and the Mechanical Contractors Association of New York, Inc., have argued and submitted a brief herein, joining the petitioner-appellant in urging a reversal of the order of the court below. The respondents and the intervenor-respondent urge an affirmance of the order.

Section 135 of the State Finance law reads as follows:

" § 135. Separate specifications for contract work for the state.

" Every officer, board, department, commission or commissions charged with the duty of preparing specifications or awarding or entering into contracts for the erection, construction or alteration of buildings, for the state, when the entire cost of such work shall exceed twenty-five thousand dollars, must have prepared separate specifications for each of the following three subdivisions of the work to be performed:

" 1. Plumbing and gas fitting.

" 2. Steam heating, hot water heating, ventilating and air conditioning apparatus.

" 3. Electric wiring and standard illuminating fixtures.

" Such specifications must be so drawn as to permit separate and independent bidding upon each of the above three subdivisions of work. All contracts hereafter awarded by the state or a department, board, commissioner or officer thereof, for the erection, construction or alteration of buildings, or any part thereof, shall award the three subdivisions of the above specified work separately to responsible and reliable persons, firms or corporations engaged in these classes of work. A contract may be let for one or more buildings in any project to the same contractor. The specifications shall require, however, that unless the buildings are identical, a separate price shall be submitted for each building; the contract to be awarded to the lowest responsible bidder for all the buildings included in the specifications.

" Nothing in this section shall be construed to prevent the authorities in charge of any state building, from performing any such branches of work by or through their regular employees, or in the case of public institutions, by the inmates thereof."

The Thruway Authority was created by section 352 of the Public Authorities Law, which begins: " A board to be known as ' New York state thruway authority ' is hereby created. Such board shall be a body corporate and politic constituting a public corporation." Petitioner stresses the fact that section 135 includes a " board " among those who must comply with its terms and that the Thruway Authority is a " board " by the express provisions of the act creating it. On the other hand, respondents stress that section 135 by its express provisions applies only to buildings constructed " for the state " and to contracts " awarded by the state ", while the Thruway Authority is a separate " public corporation ", so designated by the act creating it.

Provisions for the administration, and outlining the purposes, powers and obligations of the Thruway Authority are made in sections 350 to 375 of the Public Authorities Law. Both sides find some comfort in the content and phraseology of these sections and urge provisions too numerous to completely cover here in support of their respective contentions.

For example, those who seek a reversal of the order urge, among other things, that proposals for bids on contracts are made through the Department of Public Works; the Superintendent of Public Works has certain rights and duties of maintenance; the Authority shall be regarded as performing a governmental function; the Superintendent of Public Works may acquire real property for Thruway purposes in the name of the State; that the State guarantees notes and bonds issued by the Authority, and the Thruway is policed by State police.

Those who seeks affirmance of the order point out, among other things, that the Superintendent of Public Works is empowered to act only at the request of the Authority and on behalf of the Authority; the Authority was made indebted to the State for work done before the Authority assumed control; the Authority is authorized to borrow money and issue its own negotiable obligations without public referendum whereas the State may not; notes and bonds are issued by the Authority, not by the Comptroller; that bonds of the Authority are its primary obligation, only guaranteed by the State, then only in some instances; that there would be no need for a guarantee if the bonds were the obligation of the State; that the Authority

is authorized to exercise traffic control on the Thruway, independently of the State Traffic Commission, and to enforce its rules and regulations by means of Authority forces, or, by the State police at the request of the Authority.

We do not think the question may turn upon such considerations. The similarity or dissimilarity of the purposes and functions of the Authority to those of the State does not control. The fact remains that the Authority is not the State — it is a separate and distinct corporate entity, with power to perform certain functions and subject only to those restrictions placed directly upon it by law.

The Saratoga Springs Authority, although created to perform a different function, was set up in a manner very similar to the Thruway Authority. (See Public Authorities Law, § 1302.) This court has held that while the Saratoga Springs Authority was an agency of the State, its corporate activity was separate and apart from the State, and that the State was not liable for its torts as it was not the State or an agent of the State. (*Pantess* v. *Saratoga Springs Auth.*, 255 App. Div. 426.) See, also, *Malone* v. *State of New York* (285 App. Div. 1218, affd. 1 N Y 2d 837), which held that the doctrine of *respondeat superior* did not apply between the Black River Regulating District, a public corporation, and the State.

Petitioner relies principally upon *Easley* v. *New York State Thruway Auth.* (1 N Y 2d 374), which upheld the constitutionality of section 361-b of the Public Authorities Law, conferring jurisdiction upon the Court of Claims to determine claims against the Thruway Authority. The Court of Claims had held, upon the authority of the *Pantess* case, that actions against the Thruway Authority could not be maintained in the Court of Claims. (*Strang* v. *State of New York*, 206 Misc. 734.) Thereafter the Legislature passed section 361-b, conferring such jurisdiction but expressly providing " All awards and judgments arising from such claims shall be paid out of moneys of the authority." In determining that section 361-b was constitutional the Court of Appeals stated, in the majority opinion (p. 376): " It cannot be doubted that the Authority is an arm or agency of the State." Of course, the Thruway Authority is " an arm or agency " of the State, but that is far different from saying it *is* the State. We do not think the *Easley* case is decisive here. It went no farther than upholding the constitutionality of a jurisdictional statute passed by the Legislature; it did not abolish the separate entity of a public corporation.

We agree with the court below that if it be desirable to extend the application of section 135 of the State Finance Law

to the Thruway Authority, it is a matter for legislative consideration, and the courts should not extend the coverage of the statute by strained construction.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Order affirmed, without costs.