Charles T. Major, J.
This motion is based upon an order issued on application of the claimant, which directs the State of New York and the New York State Thruway Authority to show cause ‘ ‘ why the Court should not grant a re-hearing * * * of the motion made in open court on April 27,1959, by the Attorney General to dismiss the claim and of the cross motion by claimant to substitute or join the Thruway Authority as defendant, and why the Court should not reconsider its decision of May 8, 1959 and thereupon deny the Attorney General’s said motion and grant claimant’s cross motion, and why claimant should not have such other and further relief as may be just and proper Notices of this motion were duly served upon the State and the New York State Thruway Authority. Upon the argument of the motion, claimant was represented by his attorney, the State of New York by the appearance of the Attorney-General, and the Attorney-General appeared specially for the New York State Thruway Authority. The entry of judgment of dismissal heretofore made was stayed, pending the outcome of this motion.
This claim is based upon a contract dated July 28, 1953, entered into between claimant and the New York State Thruway Authority. Claimant demands the sum of $734,619.84, with interest, and sets forth seven separate causes of action, which include balance due on completed contract, damages for delay, extra work and material, all in connection with the contract of the Thruway Authority. All of the work was completed under the contract on March 8, 1956, when the final estimate was sent to claimant with a check for $131,460.43, being the amount the State or the Thruway Authority admitted as being due and owing to the claimant.
The claimant returned the check, and on August 7, 1956 served a notice of intention to file a claim on the Clerk of the Court of Claims, the Attorney-General and the New York State Thruway Authority. On February 26, 1957, claimant duly and timely served its claim upon the Clerk of the Court of Claims, the Attorney-General and the New York State Thruway Authority. An examination of the notice of intention and claim herein shows that, although the name of the New York State Thruway Authority was not included in the title, it is very clear that the claim arose out of a contract with the New York State Thruway *490 Authority for work performed and materials furnished for the improvement of the Thruway under the jurisdiction of the Authority. Service of copies of the notice of intention and claim upon it were acknowledged by the New York State Thruway Authority by letter dated May 9, 1957.
After the claim was filed, the claimant’s representatives corresponded and conferred with the Thruway Authority’s Chief Engineer, in an effort to explore the possibility of arriving at a settlement. The claim was placed on the calendar of the Court of Claims, and in October, 1958 claimant moved for a change of place of trial to the Syracuse District and obtained such an order. About February 9, 1959 the claimant moved for an order granting a preference for the trial. The trial of the claim was commenced on Monday, February 16, and continued for five successive days until Friday, February 20, 1959. At the trial the claimant was represented by its counsel, and the Assistant Attorney-General, who had years of experience in defending claims against the State, appeared in opposition. A Deputy Assistant Attorny-General was associated with him. The trial proceeded in a manner indicating that the claim was the result of a contract with the New York State Thruway Authority. Before any testimony was taken, each party introduced exhibits in evidence. The Assistant Attorney-General introduced the contract between the claimant and the New York State Thruway Authority, specifications, drawings, monthly statements, estimates, extension agreements, progress reports, etc. After a week’s trial and presentation of evidence, the claimant did not complete the case and an adjournment was taken with the understanding that the court would fix a time and notify counsel when the trial would continue. Up to this adjournment no motions were made by the Assistant Attorney-General against the claim or pertaining to its dismissal.
Upon the resumption of the trial the Assistant Attorney-General had retired from such position, and his associate at the previous session, a Deputy Attorney-General, took over the trial of the matter and before any witnesses were sworn, the Deputy Attorney-General moved to dismiss the claim for the reason that it was filed against the State of New York instead of the New York State Thruway Authority. Claimant’s attorneys immediately made a countermotion which in substance would include the name of the New York State Thruway Authority in the caption or title and whenever necessary in the pleadings. After hearing oral arguments from both sides, the matter was held to give counsel an opportunity to present briefs and take such other steps as might be deemed necessary. The court reserved *491 decision on both motions. Other motions were thereafter made to direct an examination of certain officials of the Thruway Authority and denied.
The court later granted the State’s motion to dismiss the claim against the State and denied the claimant’s countermotion to add or substitute the Thruway Authority as defendant, having in mind the following reasons:
(1) The contract is between claimant and the New York State Thruway Authority, and the State has no liability directly connected with it.
(2) The New York State Thruway Authority is an agency of the State, classified as a public authority, but exercising its powers and carrying on its functions in its own entity, with power to sue and be sued like any public corporation, subject to legislative enactment and control. (Easley v. New York State Thruway Auth., 1 N Y 2d 374; Strang v. State of New York, 206 Misc. 734; Glassman v. Glassman, 309 N. Y. 436; Tompkins v. State of New York, 6 A D 2d 977; Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v. New York State Thruway Auth., 4 AD 2d 541, motion for leave to appeal denied 5 A D 2d 797.)
(3) Assistance to be rendered by State officers, departments, etc., to the New York State Thruway Authority (Public Authorities Law, § 362, as amd. by L. 1951, ch. 776, eft. April 12, 1951). “ § 362. * * * At the request of the authority, * * * legal services for such authority shall be performed by forces or officers of the department of public works and the department of law ”.
(4) No written advance notice was given to the Thruway Authority. (Public Authorities Law, § 361-b, as added by L. 1954, ch 517, § 9, eft. April 7, 1954.)
The Court of Claims has exclusive jurisdiction in suits against the New York State Thruway Authority (a) for its tortious acts and those of its agents, and (b) for breach of a contract relating to construction, reconstruction, improvement, maintenance or operation, in the same manner and to the extent provided by and subject to the provisions of the Court of Claims Act with respect to claims against the State, and to make awards and render judgments therefor. All awards and judgments arising from such claims shall be paid out of moneys of the Authority. (Public Authorities Law, § 361-b, added by L. 1954, ch. 517, § 9, eft. April 7, 1954.)
The requirements of the Court of Claims Act cannot be waived or excused in a claim against the State. (Undritz v. State of New York, 179 Misc. 467; Buckles v. State of New York, 221 *492 N. Y. 418, 423; Wheeler v. State of New York, 49 N. Y. S. 2d 939; Landry v. State of New York, 1 A D 2d 934.) This holds true against the Thruway Authority.
After the court’s decision of dismissal, the claimant applied to the Legislature for an enabling act to correct the situation. This act was approved by both the Senate and Assembly, but vetoed by the Governor for reasons stated in his memorandum. One of the reasons was a letter from the Attorney-General’s office.
A substantial compliance with the statute is all that is required. (Michael v. State of New York, 193 Misc. 834; Olender v. State of New York, 194 Misc. 583 and cited cases.) Both the spirit and intent of the Court of Claims Act, as well as the practical application of its provisions, require that it should receive a reasonably liberal construction, instead of a rigidly conservative one. (McMahon v. State of New York, 173 Misc. 1004, 1009, affd. 261 App. Div. 879.) It should not be given a construction that will defeat the ends of justice. (Chalmers & Son. v. State of New York, 271 App. Div. 699, 701, affd. 297 N. Y. 690.)
The material facts contained in the moving affidavits and oral arguments are not disputed by the Attorney-General. His arguments are directed to a point of law that this court has no jurisdiction over the person of the New York State Thruway Authority, because it is not named as a defendant in the title or caption of the notice of intention to file a claim, and in the claim itself. The title or caption of the pleadings is not conclusive. The allegations contained in the notice of intention to file a claim and/or the claim are decisive. The New York State Thruway Authority and the State of New York are. parties defendant, according to the allegations in such pleadings. In reading these pleadings, there is no question as to who the real party defendant is and to what the claim relates. The statutory requirements for filing the notice of intention and claim have been complied with. After the requirements of section 10 of the Court of Claims Act were fulfilled, the New York State Thruway Authority was in the same position and category, of a private corporation or individual for purposes of the trial. (Public Authorities Law, § 361-b; Glassman v. Glassman, 309 N. Y. 436, supra; Kanner v. State of New York, 149 N. Y. S. 2d 97.)
The New York State Thruway Authority cannot be said to be either a new party or a stranger to the action. No new causes of action are proffered against the Authority, and it suffers no prejudice. Under the circumstances, a motion to *493 amend, if made, before the trial by either party, conld and undoubtedly would have been granted.
After reviewing all of the original facts, and considering the new ones presented on this motion, and a review of the law on the subject, this court is of the opinion that its decision dated May 8, 1959, dismissing the claim, is in error and hereby reverses the same in the interest of justice. For all intents and purposes the New York State Thruway Authority was and is a defendant in this claim, and the Attorney-General was appearing generally for both the State of New York and the New York State Thruway Authority. The court had and has full jurisdiction over both the persons of the State of New York and the New York State Thruway Authority, and of the subject matter involved. The questions and contentions involved were brought about by human error on both sides and have caused no injury or damage in the ultimate decision of this court, and have not altered the course which was, or at least should have been, fully understood by all the interested parties.
Observations of the attitudes, actions and modus operandi of the attorneys on this trial could not be made a part of the printed record but do bear significance in arriving at the intentions of the participants and the court cannot acquiesce to the contentions in the Attorney-General’s brief that he constantly referred only to the “ State ”. The word “ State ” was generally used by both sides, even when the reference could only be applied to the Authority. It is common practice in this court in trials wherein the Attorney-General is present to refer to the defendant as the “ State ”. This is definitely borne out by the Assistant Attorney-General’s concession that the “ State ” owes the claimant the sum of $131,460.43, while it is a fact that the ‘ ‘ State ’ ’ is not a party to the contract.
The Court of Claims and the Supreme Court are comparable courts, each operating within its own jurisdiction. The Court of Claims’ jurisdiction is principally defined in the Court of Claims Act. It has also been given jurisdiction under other laws such as the Public Authorities Law. In addition to the provisions of the Court of Claims Act, the Civil Practice Act and Rules of Civil Practice are applicable to this court when not in conflict with its own act. (Ehde v. State of New York, 260 App. Div. 511.)
The equitable powers of the Court of Claims are limited to those expressed in its own act and to pertinent provisions of the Civil Practice Act and Rules of Civil Practice, when not in conflict with the former.
*494 It must be said, therefore, that this court has such powers and authority either expressed or necessarily implied therefrom, as will permit its proper functioning in carrying out its work in the administration of justice. To hold otherwise could, in many instances,'such as this one, obstruct and impede the court, and possibly defeat justice.
The motion made by the claimant to reconsider the decision of the court, dated May 8, 1959, and to include the New York State Thruway Authority as a party defendant in the notice of intention to file a claim, and in the claim, is granted nunc pro tunc as of August 7, 1956, the date upon which the notice of intention to file a claim was served upon and filed with the New York State Thruway Authority, the Clerk of this court, and the Attorney-General, and the motion of the State to dismiss the claim is denied.
The date of the resumption of the trial or retrial or the completion of other arrangements pertaining to the trial of this claim are to be agreed upon, subject to the court’s approval; and should the parties fail to agree, the court will set the time on motion by either party. In the event an appeal from this decision should be taken by either party, the resumption of the trial is to be stayed until the determination of the appeal.
The claim is restored to the Trial Calendar and question of the suspension of interest for the period beginning with the suspension of the trial will be considered on application.