9 N.Y.2d 486 (1961)
Marie Benz, Appellant,
v.
New York State Thruway Authority, Respondent.
Court of Appeals of the State of New York.
Argued March 1, 1961.
Decided April 27, 1961.
Lauren D. Rachlin for appellant.
Louis J. Lefkowitz, Attorney-General (Julius L. Sackman, Paxton Blair and James L. Magavern of counsel), for respondent.
Judges DYE, FROESSEL and FOSTER concur with Chief Judge DESMOND; Judge VAN VOORHIS dissents in an opinion in which Judges FULD and BURKE concur.
*489 Chief Judge DESMOND.
The courts below, bound as they were by Easley v. New York State Thruway Auth. (1 N Y 2d 374), correctly held that the Supreme Court has no jurisdiction of this equity suit (or of the equity suit of Mathewson v. New York State Thruway Auth., 9 N Y 2d 788, decided herewith). Easley held that the Thruway Authority "is an arm or agency of the State" (p. 376) and that "the Legislature could in creating the Thruway Authority have refused to waive immunity as to it and thus could have forbidden suits to be maintained against the Authority in any court or tribunal" (pp. 376-377). Easley's brief on his appeal to this court made (and we rejected) the identical arguments now made by appellant Benz. The Easley decision necessarily meant that there is no jurisdiction in any court of any suit against the Thruway Authority except as the Legislature has in terms created such jurisdiction.
There are just two statutory grants of jurisdiction to sue the Authority. One of them, section 361-b of the Public Authorities Law, discussed in Easley (supra), confers exclusive jurisdiction upon the Court of Claims to hear and determine all claims against the Authority for alleged torts or breaches of contract. That enactment certainly does not authorize the bringing of these suits in the Supreme Court. The only other statutory grant of jurisdiction to bring actions against the Authority is in subdivision 5 of section 368 of the Public Authorities Law whereby the Legislature in order to permit one particular type of equity suit against the Thruway Authority enacted a special statute therefor.
In the Easley opinion (supra) we described at length the peculiarly close relationship between the Authority and the State itself and we concluded that for purposes of suit the Thruway Authority was part of the State Government and, accordingly, not suable without a direct waiver of immunity. The reasons for that holding were exactly the same as in Breen v. Mortgage Comm. (285 N.Y. 425) *490 and the reasons why the present suit cannot be maintained against the Authority are the same reasons explained by us in Breen. Section 8 of the Court of Claims Act did not, so we directly held in the Breen opinion, authorize a suit by Breen in the Supreme Court and this situation was not affected by the statutory direction as to the Mortgage Commission that it may "sue and be sued". The same authorization as to the Thruway Authority (Public Authorities Law, § 354, subd. 1) has no broader meaning.
There may have been some doubt prior to 1954 (see dictum in Strang v. State of New York, 206 Misc. 734) as to jurisdiction of such suits as these but that doubt was removed by the legislative determination in 1954, before the Authority began to operate the Thruway, that there would be no jurisdiction of suits against the Authority except in the Court of Claims as to tort and contract claims and in the Supreme Court as to certain suits by bondholders (Public Authorities Law, §§ 354, 368). There is no provision anywhere for equity suits against the Thruway Authority. It would indeed be remarkable if the Legislature which "could have forbidden suits to be maintained against the Authority in any court or tribunal" produced a situation where suits at law could be prosecuted (per express enactment) in the Court of Claims only but (by legislative silence) equity suits would be allowed against the Thruway Authority in the Supreme Court. There is no sign that the lawmakers had any such strange intent.
This leaves plaintiff without any remedy by suit but "the immunity of a state agency is in no way affected by the lack of any other remedy" (Glassman v. Glassman, 309 N.Y. 436, 441; see Psaty v. Duryea, 306 N.Y. 413, 420).
The judgment should be affirmed, without costs.
VAN VOORHIS, J. (dissenting).
This is an equitable action in the Supreme Court for rescission or reformation of a contract for the sale of land to the New York State Thruway Authority. The complaint alleges that due to mutual mistake or mistake of plaintiff induced by fraud of defendant's agent the purchase price in this contract amounted to approximately 1/20 of the agreed value of the appropriated land. The complaint has been dismissed on motion for lack of jurisdiction on the basis that the Thruway Authority enjoys governmental immunity from suits *491 of this nature. The answer to this question requires examination of the doctrine of governmental immunity and of the decisions on the nature of the Thruway Authority as a public authority.
Section 8 of the Court of Claims Act was amended in 1939 so as to provide: "The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article" (italics supplied). This section is held to constitute a waiver of the governmental immunity of all of the civil divisions of the State  counties, cities, towns, villages, and by the same token, public authorities (Bernardine v. City of New York, 294 N.Y. 361). In the Bernardine case this court said (p. 365): "The legal irresponsibility heretofore enjoyed by these governmental units was nothing more than an extension of the exemption from liability which the State possessed." Ironically this waiver is circumscribed in causes of action against the State itself, due to the circumstance that the State can be sued only in the Court of Claims and section 9 of the Court of Claims Act has been held to be too narrow to cover jurisdiction over equitable actions (Psaty v. Duryea, 306 N.Y. 413). This does not alter the fact that all other governmental units in the State may be sued in the Supreme Court like individuals or private corporations (Court of Claims Act, § 8; Bernardine v. City of New York, supra). Waiver of governmental immunity is a consequence of the "rising tide of criticism against the doctrine of sovereign irresponsibility" (Miller v. Town of Irondequoit, 243 App. Div. 240, 241, per LEWIS, J., affd. 268 N.Y. 578). It is not the policy of the courts to restrict the waiver of immunity which has become so firmly a part of the public policy of the State.
Upon the creation of the New York State Thruway Authority in 1950 as "a body corporate and politic" (Public Authorities Law, § 352) with power "To sue and be sued" (Public Authorities Law, § 354, subd. 1), it could be sued in like manner as a private corporation in view of the waiver of immunity from liability ordained by section 8 of the Court of Claims Act expressly applying "to actions in the supreme court" (Pantess v. Saratoga Springs Auth., 255 App. Div. 426). Indeed, until *492 the adoption in 1954 of section 361-b of the Public Authorities Law, the Attorney-General's office successfully maintained that the Supreme Court had jurisdiction even of tort claims against the Thruway Authority to the exclusion of the jurisdiction of the Court of Claims (Strang v. State of New York, 206 Misc. 734).
In 1954 section 361-b was added to the Public Authorities Law purporting to confer upon the Court of Claims exclusive jurisdiction of claims against the Thruway Authority for its tortious acts and for breach of contract. The constitutionality of that section was tested in Easley v. New York State Thruway Auth. (1 N Y 2d 374) which was challenged in view of the section added in 1950 to the State Constitution providing that the Court of Claims shall have jurisdiction to hear and determine claims against the State (art. VI, § 23). There was held to be sufficient identity between the Thruway Authority and the State to give effect to section 361-b of the Public Authorities Law notwithstanding this provision in the State Constitution.
Nevertheless, it was recognized in Matter of Plumbing Assn. v. New York State Thruway Auth. (5 N Y 2d 420, 424) that the Easley decision does not mean that the Thruway Authority "`is the State'" (italics from original), but that it is a public corporation "independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission." (p. 423). If there had been held to be the identity between the State and the Thruway Authority that is asserted on this appeal, the Plumbing Association case could not have been decided as it was.
Easley (supra) did not hold that actions against the Thruway Authority were forbidden to be maintained in the Supreme Court by section 9 of the Court of Claims Act, but only that causes of action in tort and for breach of contract were required to be prosecuted in the Court of Claims by section 361-b of the Public Authorities Law. Between 1950 and 1954, prior to the enactment of section 361-b, the Thruway Authority could, indeed, be sued only in the Supreme Court. Section 361-b of the Public Authorities Law does not purport (like Court of Claims Act, § 9) to provide that the Thruway Authority is immune from suit except in the Court of Claims. It simply directs, as stated in its title, that exclusive jurisdiction "in *493 certain suits against the authority" is conferred upon the Court of Claims. The Legislature deemed it advisable that claims against the Authority for tort or breach of contracts for construction, maintenance or operation should be decided in the Court of Claims, as they would be if they concerned ordinary State highways, but the Legislature was careful to state that exclusive jurisdiction in suits against the Authority was vested in the Court of Claims in those instances only. If the intention had been to confer exclusive jurisdiction on the Court of Claims in all instances, it would have been simple to have said so. The reason for the elaboration in the wording of this section is evidently to define the types of suits against the Authority which are cognizable solely by the Court of Claims, reserving jurisdiction in the Supreme Court over other causes of action within the general waiver of immunity expressly applicable to it (Court of Claims Act, § 8).
For these reasons, the order was erroneously granted dismissing the complaint on the ground that the Supreme Court has not jurisdiction of the subject of the action and the judgment entered thereon should be reversed.
Judgment affirmed.