Dorothea E. Donaldson, J.
The State of New York moves to dismiss this claim pursuant to CPLR 3211 (subd. [a], pars. 2, 7). The motion is timely made.
The claimant intestate’s vehicle was struck by another vehicle while traveling on the Tarrytown Road Bridge of the Saw Mill River Parkway, a part of the Westchester County parkway system. This system and the Taconic State Parkway system are under the operation and control of the East Hudson Parkway Authority (Public Authorities Law, § 450 et seq.). The powers given to this Authority are tantamount to a delegation of governmental function and manifests an intent by the State to predicate liability for torts upon the actions of the Authority and not upon the State per se. (Malone v. State of New York, 1 N Y 2d 837; Pantess v. Saratoga Springs Auth., 255 App. Div. 426; Ziel v. Adirondack Mountain Auth., 230 N. Y. S. 2d 832; Strang v. State of New York, 206 Misc. 734.)
However, the provisions of the creating statutes distinguish the forums to be used in determining the merits of the claim in that exclusive jurisdiction is given to the Court of Claims for torts occurring or relating to the Taconic State Parkway system (Public Authorities Law, § 469-a). No provision is made for Court of Claims jurisdiction over torts occurring on or within the territorial limits of the Westchester County park *19 way system. The statutes have provided a method to commence suit for alleged liability against the Westchester County parkway system requiring’, inter alia, that a notice be served pursuant to section 50-e of the General Municipal Law (Public Authorities Law, § 469). The time so allotted to claimant has elapsed.
Clearly no intent is therein manifested to give this court jurisdiction. Moreover, a provision for notice already exists in section 10 of the Court of Claims Act and to again provide for it pursuant to section 50-e of the General Municipal Law is not a redundance but an attempt to complete information for process and compliance with a condition precedent necessary to bring the Authority under some judicial sanction in its operation of the Westchester system.
The rule of construction in McKinney’s Consolidated Laws of New York (Book 1, Statutes, § 240) strengthens the court’s belief that the jurisdiction given to it is exclusive of the torts committed within the Westchester County parkway system.
The failure to provide for jurisdiction prevents this court from exercising it. (Ziel v. Adirondack Mountain Auth., supra.)
However, to hold that the State need not respond for torts committed under and in the jurisdiction of the East Hudson Parkway Authority and that the Court of Claims does not have jurisdiction of the action does not necessarily leave the claimant without remedy. The State must respond despite the foregoing circumstances when claimant alleges a continuing wrong, or where the Authority has exceeded its power in contracting with the State or where the State itself is acting and is the cause of the wrong. (Tompkins v. State of New York, 7 N Y 2d 906.)
Accordingly, the motion of the State is granted with leave to claimant to amend and file her claim within 30 days of receipt of the order with notice of entry.