JOHN B. FLYNN, as Administrator of the Estate of WILLIAM H. EVERETT, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (M-9716.)

Court of Claims, November 29, 1966.

*Morrow D. Mushkin* for claimant. *Louis J. Lefkowitz, Attorney-General (Dace Epermanis* of counsel), for defendant.

ALEXANDER DEL GIORNO, J. Claimant moves for an order granting permission to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. The motion is denied.

The grounds set forth by claimant in his moving papers as reasons for excusing his failure to timely file his claim, might, if that were claimant's only difficulty, be deemed sufficient to call for the granting of the relief requested. (See *Gielski* v. *State of New York,* 3 Misc 2d 578; *Guifre* v. *State of New York,* 192 Misc. 480.) However, the question of timeliness of filing apart, it is the opinion of the court that it does not have jurisdiction over this claim.

Claimant's intestate was a passenger in an automobile which was involved in a collision with another vehicle on November 10, 1964 on the Saw Mill River Parkway. Pursuant to section 450 *et seq.* of the Public Authorities Law, the Saw Mill River Parkway, a part of the Westchester County Parkway System, was placed under the jurisdiction of the East Hudson Parkway Authority. The provisions of these statutes further distinguished the forums to be used in determining the merits of the claim. Whereas exclusive jurisdiction was given to the Court

of Claims for torts occurring on the Taconic State Parkway (Public Authorities Law, § 469-a, eff. April 30, 1963) no provision was made for Court of Claims jurisdiction over torts occurring on the Westchester County Parkway System. Instead, the statutes provided that the method to be used to commence suit against the Authority as regards torts occurring on that system was by service of a notice of claim pursuant to section 50-e of the General Municipal Law. Since a provision for notice in the Court of Claims already exists in section 10 of the Court of Claims Act, it is manifest that to provide for it under section 50-e, indicated an intent that this court was not to have jurisdiction with respect to the Westchester County Parkway System. (*Cirincione* v. *State of New York,* 50 Misc 2d 18.)

Claimant attempts to offset this difficulty by alleging that the tort complained of (lack of dividing barriers on the parkway) is a continuing one dating back to the original building of the parkway. However, this argument is not tenable. A continuing tort is one which gives rise to a new cause of action upon the commission of each new wrong. (*Baxter* v. *State of New York,* 189 Misc. 525, affd. 273 App. Div. 839, mot. for rearg. and mot. for lv. to app. den. 273 App. Div. 942.) Here there was only one wrong, if there was any, and that occurred at the time of the collision, i.e., November 10, 1964. In any event, even if it were to be assumed that claimant's argument of a continuing tort contained some color of validity, it still would not aid his present motion. The notice of claim which was filed with the moving papers (as required by subdivision 5 of section 10 of the Court of Claims Act) does not allege, or even hint at a continuing tort as the basis for this claim. In this respect, it differs substantially from the case of *Tompkins* v. *State of New York* (7 N Y 2d 906) relied upon by claimant.

Accordingly, the motion is denied on the ground that the claim is one over which this court has no jurisdiction.