Caroline K. Simon, J.
At a Motion Term of the Court of Claims, held in Poughkeepsie on April 4,1967, defendant moved, under CPLR 3211 (subd. [a], pars. 2 and 7) and rule 19 of the Rules of the Court of Claims, to dismiss this claim on the grounds that it fails to state a cause of action against the State of New York, and that this court has no jurisdiction of the subject matter of the claim.
The claim, timely filed with the Clerk of the Court of Claims on October 20,1966, alleges that claimants’ trees and plants were destroyed, and their land damaged, by reason of the carelessness and negligence of the State of New York, its agents, servants and employees on or about August 7, 1966, when they started a fire on the property of Camp Smith, a National Guard Military Reservation lying adjacent to claimants’ land, and permitted the fire to spread and cause damage, for which damage claimants seek to recover $62,450 from the State. The fire allegedly burned from August 7,1966 to August 15,1966. Claimants further allege that, despite repeated requests and notifications of the potentially menacing aspects of the fire during its progress, it was nevertheless permitted to spread to their property and no steps were taken by the National Guard to extinguish it or to retard its advance.
In support of its motion, the State submits an affidavit executed by the Judge Advocate of the New York State Division of Military and Naval Affairs, stating that during the period from August 6 to August 20, 1966 Camp Smith was devoted to the use of the organized militia, to wit: the New York National Guard for the purpose of conducting a 15-day training course for officer candidates and noncommissioned officers, pursuant to the provisions of section 503 of title 32 of the United States Code, and section 46 of the Military Law.
In oral argument, and by affidavit, the Assistant Attorney-General argued that section 8-a of the Court of Claims Act waives the State’s immunity from liability for torts committed by members of the organized militia in only two situations: The operation, maintenance and control of vehicles owned by the State, and the operation, maintenance and control of armories devoted to the use of the organized militia of the State. He further contended that Camp Smith is not an armory as described in section 8-a and that no basis for liability has been established either by statute or decisional authority.
*497 Claimants’ counsel, in opposition to the State’s motion, stated orally and by affidavit that after notice of the fire’s existence and potential danger, the military authorities took no steps or precautions to extinguish it or to retard its progress before or after it had spread to claimants ’ land, despite claimants ’ many pleas over a period of several days urging its control.
He further argued that the State’s waiver of immunity under section 8-a constitutes the recognition of a moral duty demanded by the principles of equity and justice, citing Bloom v. Jewish Bd. of Guardians (286 N. Y. 349 [1941]) and that the Court of Claims Act should be liberally construed, and that substantial compliance is all that is required so that the ends of justice will not be defeated, citing Tomlinson Constr. Co. v. State of New York (26 Misc 2d 488 [1961], affd. 15 A D 2d 692), and other cases.
It is claimants ’ contention -that the word ‘ ‘ armory ” as it appears in section 175 of the Military Law should not be limited in its meaning so as to work a hardship or injustice, and that it should be construed to include real property, such as camps, ranges, bases or other facilities recited in subsequent sections of that law. It should be noted that section 175 in its definition of the word “armory” goes on to say “and designated as an armory by the chief of staff ” (emphasis supplied).
Claimants argue that Camp Smith should not be considered an armory under the definition stated in the Military Law, but rather that it should be considered an armory under the obvious and natural meaning of the word itself. Merriam-Webster’s New International Dictionary (2d ed, Unabridged) defines the word as follows: “ 2. A place where arms and instruments of war are deposited; in the United States, usually, a large building including also a drill hall, offices, etc.” Black’s Law Dictionary (4th ed., p. 139), defines “ armory” as: “A building where arms, ammunition, and instruments of war are stored. Comp. Laws 1929, §§ 692, 3395. Grosse Ile v. Saunders, 262 Mich. 451, 247 N. W. 912, 913.”
It is essential for the maintenance of rights in our free society that wrongs done, whether by individuals, organizations, or the State, be remedied. It is a matter of pride that New York has recognized this truth, and has enacted legislation to give reality to that recognition by creating this court to hear such claims as are within its jurisdiction.
The court so created does not have, nor should it have, the authority to expand or enlarge that jurisdiction. Therefore, the mere fact that wrong has been done, even by the State itself, *498 does not necessarily mean a claim will lie in this court. The instant matter illustrates just such a situation.
The decision in Bloom v. Jewish Bd. of Guardians (286 N. Y. 349, 353, supra), stated the law as this court recognizes it to be: “ the immunity of the agent vanished with the assumption of liability by the principal.” That decision also includes a quotation from Chief Judge Lehman’s dissenting opinion in Paige v. State of New York (269 N. Y. 352, 358) in which he stated: “ it can hardly be supposed that in enacting section 12-a of the Court of Claims Act the State intended to assume liability for the negligent acts of governmental agencies which are themselves immune. ’ ’
The State has not assumed liability, nor waived its immunity in relation to the acts of the organized militia except for the operation, maintenance and control of State-owned vehicles and the operation, maintenance and control of armories. In the instant matter no proof was presented that Camp Smith has been designated as an armory by the Chief of Staff.
The court recognizes, as Judge Major stated in Tomlinson Constr. Co. v. State of New York (26 Misc 2d 488, 492, supra) that “Both the spirit and intent of the Court of Claims Act, as well as the practical application of its provisions, require that it should receive a reasonably liberal construction, instead of a rigidly conservative one. (McMahon v. State of New York, 173 Misc. 1004, 1009, affd. 261 App. Div. 879.) It should not be given a construction that will defeat the ends of justice. (Chalmers & Son v. State of New York, 271 App. Div. 699, 701, affd. 297 N. Y. 690.) ”
However, Judge McLaughlin in Smith v. State of New York (227 N. Y. 405, 410 [1920]) stated: “ Statutes in derogation of the sovereignty of a state must be strictly construed and a waiver of immunity from liability must be clearly expressed.”
Though the court fully agrees that, as stated in Chalmers & Son v. State of New York, (supra, p. 701): “ That construction which preserves a bona fide claim so that its merits may be passed upon by a competent tribunal is to be preferred as against one which rejects it without trial”, and that “The statute should receive a reasonable construction and not one that unjustly deprives a suitor of the right to recover adequate compensation for the damages he has sustained ”, nevertheless, a disservice is done to claimants, if, despite a motion to dismiss on grounds which the court finds to be valid, claimants are permitted to go to the expense of time and effort involved in a trial after which there must be a dismissal. Liberal construction cannot be the guide if immunity has not been waived.
*499 The court finds that Camp Smith is not such a facility or armory as is described in section 8-a of the Court of Claims Act. By this decision, the court does not rule on whether the claimants were damaged, but solely upon whether the jurisdiction expressly given to this court by present law authorizes the claim to be tried here. The court, though regretting if damage as stated has been done to claimants, finds the law does not give this court jurisdiction. The motion for dismissal must be and hereby is granted.