THOMAS M. TURNER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 53751.)

Third Department, November 6, 1975

*Louis J. Lefkowitz, Attorney-General (Richard J. Dorsey* and *Ruth Kessler Toch* of counsel), for appellant.

*Alan M. Simon* for respondent.

SWEENEY, J. Claimant was employed by the Research Foundation of the State University of New York as director of the high school equivalency program at State University at Stony Brook. Claimant's services were ultimately terminated and he filed a claim against the State for loss of salary, refundable disbursements and travel expenses. At trial, the State moved to dismiss the claim on the ground that it was not a proper party since the Research Foundation was not a State agency. The court denied the motion and awarded damages to claimant.

The sole issue raised on this appeal is whether an action can be maintained in the Court of Claims against the State of

New York for damages arising out of an alleged breach of contract between the Research Foundation and one of its employees.

A resolution of this controversy requires a determination of the status of the Research Foundation. This necessitates an analysis of the facts and circumstances surrounding its creation, purpose and function. The Research Foundation was established pursuant to a charter granted by the Board of Regents. Its governing body consists of 11 directors elected by the trustees of the State University. The charter also provides that its purposes are: (1) to assist in developing and increasing the facilities of the State University and to provide more extensive educational opportunities by making and encouraging gifts and grants; (2) to receive and administer gifts and grants; and (3) to finance studies and research in fields of arts and science. The record reveals that by a resolution of the State University, the Research Foundation was to fiscally administer all programs not financed by State appropriated funds. The high school equivalency program at Stony Brook was such a program. The record also establishes that claimant's employment was subject to continuing approval of the president of the State University of the State of New York at Stony Brook. The acting president at Stony Brook was, in fact, the individual who terminated claimant's employment.

In our view, the inescapable conclusion from an analysis of this entire record is that Research Foundation is an arm of the State University of New York authorized to carry out certain fiscal duties otherwise incumbent on the State University. Pursuant to an act of the Legislature, the State University is a corporate agency created within the State Department of Education to carry out certain governmental functions pertaining to higher education. (Education Law, § 352; L 1948, ch 695, as amd.) Consequently, the State University is an integral part of the government of the State and, when sued, the State is the real party in interest. *(State Univ. of N. Y. v Syracuse Univ.,* 206 Misc 1003, affd 285 App Div 59.) It follows, therefore, that the State University has immunity from suit in the Supreme Court and must be sued in the Court of Claims. Since the Research Foundation is merely an agent of the State University, it also follows that the instant case was properly brought in the Court of Claims.

Appellant's reliance on *Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway*

*Auth.* (5 NY2d 420), *Matter of New York Public Lib. v New York State Public Employment Relations Bd.* (45 AD2d 271) and *Pantess v Saratoga Springs Auth.* (255 App Div 426) is misplaced. In each of those cases the agency involved was a creation of the Legislature and, as is evident from the language of the statutes, each was endowed with independent status. Such is not the case here. The record demonstrates that the Legislature created the State University as its agent and that body exercised such authority and control over the Research Foundation as to render it a mere agent of the State University. The judgment, therefore, should be affirmed.

The judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, KANE and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.