OPINION OF THE COURT
Memorandum.
The order of the Appellate Division dated August 6, 1979, as amended November 26, 1979, should be modified to direct the modification of the Special Term judgment of May 8, 1978 by striking therefrom in the first decretal paragraph thereof the words "as Trustee” and by striking all of the second and third decretal paragraphs, and, as so modified, the order of the Appellate Division should be affirmed, without costs.
On the appeal by Queens County Council Boy Scouts of America, Inc., and Queens Boy Scout Sustaining Association, Inc., we agree that no trust or other enforceable obligation was created by the transfer to Greater New York Councils, Boy Scouts of America of bank accounts previously held by appellants and of the proceeds of sale of a camp previously held by appellant Sustaining Association, on condition that those funds "be invested in the Stimson tract [later Camp Kaufman] and additions thereto,” that condition in any event having been fulfilled.
On the cross appeal by Greater New York Councils, we disagree with the holding of the Appellate Division that the words of the Nagel bequest to Queens County Council (by it transferred to Greater .New York Councils) requires the implication of a trust. The only words of limitation in the bequest are "It is my wish that the proceeds of this gift to it shall be used for the improvement of Boy Scout Camps, or for the establishment of a new camp on Long Island for the benefit of Queens Council Boy Scouts, in memory of my husband, John Nagel, and my daughter, Jeanne Arline Nagel.” Determination of the textatrix’ intention is a question of law (Matter of Scott, 8 NY2d 419, 427). Not only is the bequest essentially precatory in nature ("It is my wish”), but as Special Term recognized it imposes no obligation that the camp once established be maintained "forever”. Here, there is no question *833 that the bequest was used as a part of the funds required for the establishment of a new camp on Long Island which has been operated for some 16 years. Here, as in Lefkowitz v Cornell Univ. (35 AD2d 166, 171, affd oh opn at App Div 28 NY2d 876), "there is no clear expression of intent that the gift * * * was subject to the restriction that it be forever used” for the benefit of Queens Council Boy Scouts, as distinct from Boy Scouts generally.
In view of the disposition reached, the question of appellants’ standing has not been considered.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.