OPINION OF THE COURT
Gerard M. Weisberg, J.
The question presented is whether the Commissioner of Transportation and the New York State Police Department may be sued in the New York State Court of Claims. The issue arises in connection with an application for permission to file a late claim under subdivision 6 of section 10 of the Court of Claims Act, the caption of which lists the New York State Thruway Authority, the Commissioner of Transportation, the New York State Police Department and the State of New York as parties defendant.
The Court of Claims is a constitutional court possessing jurisdiction “to hear and determine claims against the state or by the state against the claimant or between conflicting claimants as the legislature may provide.” (NY Const, art VI, § 9; see, also, Court of Claims Act, § 9.) The court’s constitutional mandate additionally extends to adjudication of claims against certain legislatively designated entities such as the New York State Thruway Authority, who though possessing independent corporate existence are quasi-governmental entities. (See Easley v New *230 York State Thruway Auth., 1 NY2d 374; cf. Pantess v Saratoga Springs Auth., 255 App Div 426.)
To the extent that this claim purports to state a cause of action against the Commissioner of Transportation in his individual capacity, it is defective for lack of jurisdiction. This court’s power to adjudicate suits between natural persons is solely dependent upon legislative grant, which in this case is totally lacking. The department of transportation is an agency of the executive department of the State and its commissioner is a public officer. (Transportation Law, § 11 et seq.) The State is liable for the torts of public officers while acting within the scope of their employment, but such persons are not individually suable in the Court of Claims. (See Young v State of New York, 92 Misc 2d 795.)
The New York State Police Department is a division of State government. (Executive Law, art 11, § 210 et seq.) Being a mere agency of the State, it possesses no independent existence. With regard to liabilities asserted against the New York State Police Department, the real party in interest is the State. (Turner v State of New York, 49 AD2d 269; Robilotto v State of New York, 104 Misc 2d 713; cf. Allah v Commissioner of Dept, of Correctional Servs., 448 F Supp 1123.)
Accordingly, with respect to the Commissioner of Transportation and the New York State Police Department, the motion to file a late claim is denied.