■ PAUL E. FREYEISEN, an Infant, by His Father and Natural Guardian, EARL W. FREYEISEN, JR., et al., Plaintiffs, v CITY OF NEW YORK, Defendant, and PACKER COLLEGIATE INSTITUTE, Third-Party Plaintiff-Appellant. ALICE FREYEISEN, Third-Party Defendant-Respondent. (And Another Action.) — Order of the Supreme Court, Kings County (Held, J.), dated September 22, 1983, affirmed, with costs. No opinion. ¶ The time for respondent to serve her answer on the appellant is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.

■ ELIZABETH GRAHAM et al., Appellants, v RICHARD M. STILLMAN et al., Defendants, and STATE UNIVERSITY HOSPITAL, Respondent. — In an action to recover damages for personal injuries sustained as a result of medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated August 22, 1983, which dismissed the complaint as against defendant State University Hospital for lack of subject matter jurisdiction. ¶ Order affirmed, with costs. ¶ Special Term properly dismissed the complaint as against defendant State University Hospital for lack of subject matter jurisdiction. The State of New York is the real party in interest in such litigation (see Education Law, § 352; cf. *Easley v New York State Thruway Auth.,* 1 NY2d 374), and, therefore, exclusive jurisdiction is vested in the Court of Claims (Court of Claims Act, § 9; *Turner v State of New York,* 49 AD2d 269; *State Univ. v Syracuse Univ.,* 285 App Div 59). ¶ Nor is there any merit to the contention that the lack of a jury trial with regard to a claim against the State deprives plaintiffs of due process of law. The State Constitution expressly empowers the Legislature to regulate the procedures governing the manner in which claims against the State are to be tried (NY Const, art VI, § 18, subd b) and, in accordance with that mandate, it has provided for nonjury trials only (Court of Claims Act, § 12, subd 3). Since the right to a jury trial in a suit against the State has never "been guaranteed by constitutional provision", section 2 of article I of the New York Constitution has no application. In short, the unavailability of a jury trial infringes no constitutional right (*Matter of Tierney v State of New York,* 55 AD2d 158, 162; *Duverney v State of New York,* 96 Misc 2d 898, 907, affd 76 AD2d 962, app dsmd 51 NY2d 744). Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.