■ BERNE INVESTORS, INC., Respondent, v BENJAMIN I. WECHSLER, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered November 9, 1988 in Sullivan County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the amended complaint.

Plaintiff commenced this action to specifically enforce an alleged agreement whereby plaintiff was to purchase certain real property from defendant located on Rose Valley Road in the Town of Forestburg, Sullivan County. Defendant made a motion to dismiss the original complaint. Attached to his motion papers were two apparently separate handwritten agreements. The first, labeled "Escrow Agreement" and dated December 31, 1986, which is signed by both defendant and plaintiff's president, indicates an agreement by the parties that defendant would sell a 25.9-acre parcel for $125,000 with $50,000 to be held in escrow. An untitled four-page handwritten document, allegedly executed on the same date, states "Rose Valley 25 acres purchased outright for $125,000" and goes on to discuss the sale and purchase price of property and options for land in excess of 2,000 acres. While defendant maintained the separateness of these two documents, it was

plaintiff's position that the two documents were not separate but were actually one entire five-page agreement that was entered into on December 31, 1986. Supreme Court thereafter granted defendant's motion to dismiss without prejudice in a May 28, 1987 order on the basis that the pleading failed to state a cause of action with sufficient definiteness. Thereafter, plaintiff served an amended complaint which incorporated by reference the December 31, 1986 five-page alleged "agreement" between the parties and attached a metes and bounds description of the properties to be conveyed. Defendant subsequently made two unsuccessful motions to dismiss the amended complaint, with one of the motions apparently being denied because defendant failed to file a formal notice of cross motion.* Issue was then joined and defendant moved for summary judgment dismissing the amended complaint based on, among other things, the Statute of Frauds and that the complaint failed to state a cause of action. Plaintiff cross-moved for sanctions against defendant and a protective order. Supreme Court denied both motions and this appeal by defendant ensued. .

Of the many issues raised by the parties on this appeal, only a few merit discussion. Defendant's contention that the May 28, 1987 order of Supreme Court dismissing plaintiff's first complaint without prejudice established the law of the case as to certain issues discussed by the court is totally devoid of merit. This dismissal was clearly marked "without prejudice" to replead and plaintiff's subsequent amended complaint thereafter withstood two subsequent motions for dismissal. Where an amended complaint is served, the original complaint cannot in any manner constitute the law of the case (see, 1 Carmody-Wait 2d, NY Prac § 2:68, at 81). Similarly without merit is plaintiff's argument that the order appealed from establishes the law of the case and cannot be reviewed by this court. It is well settled that the doctrine of the law of the case has no application to appellate courts (Cherry v Koch, 126 AD2d 346, 351, lv denied 70 NY2d 603). We find nothing improper in Supreme Court's entertaining defendant's postanswer summary judgment motion and plaintiff presents no convincing arguments that would persuade us that this order is barred from our review.

Turning to the merits of Supreme Court's denial of defen-

---

* It is notable that, at some point during this activity, the initial purchase by plaintiff of the 25.9-acre lot owned by defendant was actually concluded. Plaintiff maintains that it stands ready, willing and able to complete the remainder of the alleged contract.

dant's motion for summary judgment, we agree that the existence of questions of fact would make the granting of this motion improper. Plaintiff alleges that originally the four-page handwritten document describing its proposed purchase of over 2,000 acres of defendant's land was actually attached to the escrow agreement which contained the signatures of the parties, as well as other pertinent information. As such, plaintiff alleges a fully integrated contract with information sufficient to satisfy the Statute of Frauds (see, General Obligations Law § 5-703 [2]). Defendant, on the other hand, disputes almost all of plaintiff's assertions maintaining, among other things, that the one-page "Escrow Agreement" represents the entirety of the agreement entered into by the parties on December 31, 1986 and the four-page handwritten document was merely an informal proposal for possible deals in the future, that is, an "agreement to agree".

Summary judgment is a drastic remedy that should not be granted where there is any doubt as to the presence of a triable issue of fact (Munzer v St. Paul Fire & Mar. Ins. Co., 145 AD2d 193, 197). Here, as previously mentioned, the parties present numerous issues that require resolution. Notably, even if plaintiff cannot prove that the five handwritten pages were meant to be one complete document, it is well settled that a memorandum sufficient to satisfy the Statute of Frauds "may be pieced together out of several writings, some signed and others unsigned, and parol evidence may be resorted to in aid thereof" (Rothvoss & Sons v Estate of Neer, 139 AD2d 37, 38-39; see, Crabtree v Arden Sales Corp., 305 NY 48, 53-55). Taken as a whole, the five handwritten pages as well as certain correspondence in the record sufficiently appear to comply with the Statute of Frauds so as to withstand a summary judgment motion. In addition, we note that the record also contains additional questions of fact as to the possible effectiveness of a letter from defendant's attorney purporting to rescind any alleged agreement. All these matters and others should be disposed of at trial and, accordingly, defendant's summary judgment motion was properly denied.

The remaining issues have been examined and have been found to be without merit. Parenthetically, we note that since plaintiff never appealed Supreme Court's denial of its cross motion, we do not consider plaintiff's apparent request in its brief for sanctions to be imposed against defendant because of his alleged dilatory tactics in this lawsuit.

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.