■ ROBERT WIGAND et al., Appellants, v JAMES A. MURPHY, JR., Respondent, et al., Defendant. [693 NYS2d 309] —Mikoll, J. Appeal from an order of the Supreme Court (Keegan, J.), entered September 3, 1998 in Albany County, which, *inter alia*, granted defendant James A. Murphy, Jr.'s motion to dismiss the amended complaint due to the lack of standing of plaintiff Robert Wigand and because of a prior release executed by the remaining plaintiff, Burton Anthony, Jr.

Plaintiffs who are named as legatees in the last will and testament of Virginia Hunt (hereinafter decedent), collectively commenced an action seeking damages against defendants in October 1997 alleging, *inter alia*, that defendant James A. Murphy, Jr. (hereinafter defendant) had in effect diverted decedent's estate assets to his son to the detriment of other takers under the will, including plaintiffs, which acts constituted negligence, malpractice, breach of contract, breach of a fiduciary duty, undue influence and fraud.

The operative facts are as follows: Defendant, an attorney, drafted decedent's will in 1988 and decedent died in October 1994. In her will, decedent, *inter alia*, bequeathed separate gifts of $20,000 each to both plaintiffs. Additionally, the will left defendant James Murphy III, defendant's son, a substantial portion of decedent's estate, including $20,000 worth of stocks and/or bonds, decedent's residence, including all of its furnishings, and one-seventh of the residuary estate. Defendant was appointed executor of said will. An affidavit, pursuant to *Matter of Putnam* (257 NY 140), attesting that the will was freely and voluntarily made and explaining why defendant's son

received gifts under the will,* was executed on the same day as the will.

Plaintiff Burton Anthony, Jr., decedent's nephew by consanguinity, was requested to consent to the probate of decedent's will and, before signing such consent, was informed of the contents and dispositions made under the will, that defendant drafted it and, also, received a copy of the *Putnam* affidavit executed by decedent. Notice of the probate of decedent's will was sent to all potentially interested parties in November 1994, including plaintiff Robert Wigand, a nephew of decedent's first husband who died in 1965.

Surrogate's Court admitted the will to probate for disposition in January 1995. Anthony executed a release of any and all claims against defendant in consideration for the payment of his $20,000 legacy under the will. However, Wigand refused to sign a release consenting to the probate of the will but did not object thereto pursuant to SPCA 1410. He did, however, submit an inquiry regarding defendant in April 1995 to the Committee on Professional Standards which found insufficient basis for a finding of professional misconduct. Wigand deposited his $20,000 testamentary gift into an escrow account.

Plaintiffs' lawsuit ensued in October 1997. Defendant then moved, in this action, pursuant to CPLR 3211 (a) (1), (3) and (5) to dismiss the amended complaint on the ground that Wigand did not have the legal capacity to sue because he was not a distributee under the will and on the ground that Anthony had released any rights he may have had when he executed the release in February 1995. Defendant also alleged lack of personal jurisdiction over him. Plaintiffs cross-moved seeking, *inter alia*, to have defendant's counsel disqualified on the ground that he had participated in settlement discussions with plaintiffs in the instant matter and had gained confidential information in the process and, on the additional basis, that counsel may be called as a witness.

Supreme Court granted defendant's CPLR 3211 motion to dismiss the amended complaint and concomitantly denied plaintiffs' cross motion to disqualify defendant's counsel, finding a failure on plaintiffs' part to demonstrate that a prior attorney/client relationship had existed and that any potential prejudice to plaintiffs from the alleged prior relationship had accrued.

---

* Defendant had been decedent's attorney since 1967 and they enjoyed a close relationship which encompassed, as well, a relationship with defendant's son. According to defendant, decedent refused to have another attorney draft the will, as he had suggested.

Supreme Court held that Anthony had executed the consent and release after a full disclosure of the circumstances surrounding the will and after seeing the *Putnam* affidavit. The court also noted the failure of both plaintiffs to seek discovery pursuant to SCPA 2103 and their failure to request an inquiry by trial pursuant to SCPA 2104 before admission of the will to probate. The court held that Wigand failed to prove his allegation that he had a greater interest as a legatee under a prior will. As to the allegations sounding in fraud, misrepresentation and undue influence, the court held that the complaint failed to allege the factual basis as to these claims as required pursuant to CPLR 3016 (b).

We affirm. We reject plaintiffs' contention that a fraud occurred after Anthony had signed a release for admission of the will to probate based on his belief that defendant's son would continue to live in decedent's house in accordance with her motivating desire in leaving her residence to him. The sale of the house by defendant's son, which occurred some eight months later, is alleged by plaintiff to be "part of the fraud complained of". We conclude that the sale of the residence by defendant's son was not legally prohibited and did not constitute fraud. The language of the will is precatory, reflecting a desire or wish on decedent's part that defendant's son use and enjoy the home. However, the disposition did not create a legal obligation which bound the son (*see, Matter of County of Suffolk v Greater N. Y. Councils, Boy Scouts*, 51 NY2d 830, 832-833; *Matter of May*, 213 AD2d 838, 840, *lv dismissed* 85 NY2d 1032). We concur with Supreme Court's holding that the complaint and supporting affidavit are totally conclusory, not meeting the detailed allegations required by CPLR 3016 (b) (*see, Fort Ann Cent. School Dist. v Hogan*, 206 AD2d 723, 724).

As for the issues concerning Wigand, we affirm Supreme Court's holding that he does not have standing to object to decedent's will. He is not a distributee of decedent nor has he established, as he contended, that he was to receive a larger bequest in a prior will (*see*, SCPA 1410). The allegations of the complaint having been deemed insufficient by Supreme Court as to both plaintiffs, Wigand has thus also failed to establish a cause of action pursuant to CPLR 3016 (b).

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.