■ Robert Wigand et al., Appellants, v James A. Murphy, Jr., Defendant, and James A. Murphy, III, Respondent. [706 NYS2d 765] —Mugglin, J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 11, 1999 in Albany County, which, *inter alia*, granted defendant James A. Murphy, III's motion to dismiss the amended complaint due to lack of standing and res judicata.

The essential facts underlying this lawsuit are set forth in our prior decision (263 AD2d 724). This appeal arises from Supreme Court's decision granting the motion of defendant James A. Murphy, III made pursuant to CPLR 3211 (a) (1), (3) and (5) dismissing the complaint. Although the notice of appeal, filed in April 1999, indicates that both plaintiffs were appealing, plaintiffs' brief makes clear that plaintiff Burton C.

Anthony has abandoned his appeal and that the sole appellant is plaintiff Robert Wigand. Supreme Court held that Wigand, a legatee but not a distributee of decedent, did not have standing to commence this action since he failed to establish the existence of a prior will under which he had a greater beneficial interest, that the probate of the will without objection by Wigand constituted res judicata prohibiting this action and that no remedy under General Business Law § 349 was available to plaintiff.

Our decision on the preceding appeal was issued in July 1999, shortly after the notice of appeal was filed herein. As to Wigand, we held that Supreme Court correctly determined that he did not have the necessary standing and that the complaint failed to allege a detailed factual basis in support of the claims as required pursuant to CPLR 3016 (b). Thus, we affirmed the dismissal of the complaint as to the defendant James A. Murphy, Jr. The pleadings in the instant case are the same pleadings we considered on the prior appeal and the substance of the affidavits remains essentially unchanged. Wigand's attempt to raise objections to the will by pleading negligence, professional malpractice, fraud, undue influence and breach of contract are less appropriate against Murphy, III than they were against Murphy, Jr. because Murphy, III was neither the draftsman of the will nor decedent's attorney. Since our prior decision constitutes the law of the case and is conclusive on the issue of Wigand's lack of standing and failure to state a cause of action, we affirm Supreme Court's grant of Murphy, III's motion for dismissal of the complaint.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.