■ ROSE COLOMBO, Appellant, v MICHAEL SCHWARTZ et al., Respondents. [789 NYS2d 744]—

In an action, inter alia, to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered September 4, 2003, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the complaint insofar

as asserted against the defendant University Hospital, SUNY at Stony Brook for lack of subject matter jurisdiction (*see* CPLR 3211 [a] [2]). The State of New York is the real party in interest in such litigation (*see* Education Law § 352; *Graham v Stillman,* 100 AD2d 893 [1984]; *State Univ. of N.Y. v Syracuse Univ.,* 285 App Div 59, 61 [1954]; *cf. Easley v New York State Thruway Auth.,* 1 NY2d 374 [1956]). Therefore, exclusive jurisdiction is vested in the Court of Claims (*see* Court of Claims Act §§ 8, 9; *Graham v Stillman, supra; Turner v State of New York,* 49 AD2d 269, 270 [1975]).

The defendant Dr. Michael Schwartz has judicial immunity from suit regarding the work he performed as a court-appointed psychiatric expert in connection with the plaintiff's spousal support litigation (*see Hom v Reubins,* 268 AD2d 461 [2000]; *Braverman v Halpern,* 259 AD2d 306 [1999]). Since all three causes of action insofar as asserted against Dr. Schwartz are based on the contents of the report he made to the court, the claims are barred by this judicial immunity. Even absent such immunity, the plaintiff's claims fail to state a cause of action against either defendant.

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.