■ Jason S. Planck, Appellant, v SUNY Board of Trustees et al., Respondents. [795 NYS2d 147]—

Spain, J. Appeals (1) from an order of the Supreme Court (Reilly, Jr., J.), entered March 22, 2004 in Schenectady County, which, inter alia, granted motions by defendants American Culinary Federation Capital District/Central New York and SUNY Board of Trustees to dismiss the complaint against them, and (2) from an order of said court, entered September 13, 2004 in Schenectady County, which, inter alia, granted a motion by defendant Schenectady County Community College to dismiss the complaint against it.

Plaintiff, a former student at defendant Schenectady County Community College (hereinafter SCCC), commenced this action, pro se, against SCCC, defendant County of Schenectady, defendant American Culinary Federation Capital District/Central New York (hereinafter ACF) and defendant SUNY Board of Trustees. He alleges discrimination based on his disability in the form of harassment, denial of proper grievance procedures and wrongful discharge from SCCC, and asserts a variety of violations of federal and state statutory and constitutional provisions.[1]

Upon motions to dismiss by all four defendants, Supreme

---

1. Plaintiff asserts violations of US Constitution 5th and 14th Amendments, the Americans with Disabilities Act of 1990 (42 USC § 12101 *et seq.*), Rehabilitation Act of 1973 (29 USC § 794 *et seq.*), the Civil Rights Act (42 USC §§ 1983-1986) and the Human Rights Law (Executive Law art 15).

Court, in March 2004, held that plaintiff failed to state a cause of action against ACF and to obtain subject matter jurisdiction over the SUNY Board, and dismissed the complaint against those defendants. With respect to SCCC and the County, Supreme Court also found that plaintiff had failed to state a viable cause of action but opted to give plaintiff another chance, provisionally dismissing the complaint against SCCC and the County, but allowing plaintiff 30 days to serve them with an amended complaint. Plaintiff served an amended complaint on the County Attorney but not upon the attorneys representing SCCC. In September 2004, Supreme Court dismissed plaintiff's action against SCCC and denied the County's motion to dismiss. The court also, among other things, granted leave to the County to serve a late amended answer. On plaintiff's appeal from both orders, we affirm.

Supreme Court properly dismissed plaintiff's claims against ACF for failure to state a cause of action. Even after applying the "liberal and broad interpretation" to the complaint as is appropriate with a pro se litigant (*Di Nezza v Credit Data of Hudson Val.*, 166 AD2d 768, 768 [1990], *lv dismissed* 77 NY2d 935 [1991]), and accepting the allegations as true as well as according plaintiff every possible inference, we discern no cognizable legal theory to support any liability against ACF (*see New York Civ. Liberties Union v State of New York*, 3 AD3d 811, 811-812 [2004], *affd* 4 NY3d 175 [2005]). Plaintiff does not dispute that ACF is neither state nor federally funded, but contends that ACF conspired to deprive him of the right to participate in a federally funded activity—membership in the ACF Junior Chapter at SCCC. ACF asserts that it lacks any control over the junior chapter, a separate entity which is organized and run by SCCC, and that plaintiff lost his ability to participate in the junior chapter not by any act of ACF but as a direct consequence of his expulsion from SCCC. Indeed, the complaint contains no factual allegations which would support the conclusion that ACF played a role in plaintiff's expulsion from SCCC or the ACF Junior Chapter. Notably, the record reflects that plaintiff was never expelled from the national ACF organization and continued to be a member at the time that he commenced this action. On these facts, we agree that the complaint fails to state a cause of action against ACF.

Turning to plaintiff's claims against the SUNY Board, the SUNY Board has conceded on appeal that Supreme Court had subject matter jurisdiction to the extent that plaintiff stated claims under the Human Rights Law (*see Koerner v State of*

*N.Y., Pilgrim Psychiatric Ctr.*, 62 NY2d 442, 449 [1984]).[2] We find, nevertheless, that the complaint fails to state a cause of action under that act. No specific action taken by the SUNY Board has been alleged and, although plaintiff argues that the SUNY Board should be held accountable for the actions of SCCC, the complaint does not contain any factual allegations which would support that conclusion. SUNY is a corporation consisting of colleges and related institutions which are governed by the SUNY Board (*see* Education Law § 352). SCCC is not part of the SUNY corporation, and it has its own board of trustees which independently operates the college (*see* Education Law § 6306). Although the SUNY Board is statutorily obligated to oversee the adoption of certain policies which impact local community colleges (*see generally* Education Law §§ 6302-6306), plaintiff has failed to allege any facts which would suggest a connection between that obligation and SCCC's alleged violation of the Human Rights Law—presumably Executive Law § 296 (4)—in this case. We conclude, therefore, that plaintiff failed to state a claim against the SUNY Board under the Human Rights Law and that Supreme Court properly dismissed plaintiff's remaining claims against the SUNY Board for lack of subject matter jurisdiction (*see Colombo v Schwartz*, 15 AD3d 522, 523 [2005]).

Turning to plaintiff's claims against SCCC, we agree with Supreme Court's conclusion, expressed in its March 2004 decision, that plaintiff's original complaint failed to state a cause of action against either SCCC or the County. In that complaint, plaintiff alleges harassment, the denial of proper grievance procedures and unlawful expulsion in the most general terms, but asserts no specific action taken by SCCC which would suggest a link between plaintiff's disability and any of these claimed wrongs. The original complaint simply contains no factual allegations which could establish that plaintiff was deprived of any constitutional right or that any of the asserted statutory provisions were violated. Supreme Court, nevertheless, gave plaintiff the opportunity to amend the complaint, specifically to permit him an attempt at clarifying and detailing possible causes of action under the Americans with Disabilities Act and the Rehabilitation Act. It is undisputed, however, that although plaintiff served the County Attorney, he failed to serve his amended complaint upon SCCC. Accordingly, Supreme Court properly dismissed plaintiff's claims against SCCC in its September 2004 order.

Finally, we discern no abuse of discretion in Supreme Court's

---

2. The SUNY Board has also conceded personal service.

denial of plaintiff's motion for a default judgment against the County. The County, having admittedly served its amended answer upon plaintiff approximately 15 days beyond the statutory period, moved to serve a late answer. "Pursuant to CPLR 3012 (d), a motion to extend the time to serve an answer may be granted upon a showing of reasonable excuse for delay or default and is addressed to the sound discretion of the trial court" (*De Nooyer Chevrolet v Polsinello Fuels*, 251 AD2d 871, 871 [1998] [citations omitted]). In its motion, the County attributed its delay to a change in personnel during the pendency of the action. Further, plaintiff has not demonstrated any prejudice resulting from the relatively short delay in the County's answer. Under these circumstances, we find no basis for disturbing Supreme Court's decision to excuse the County's delay and which directed plaintiff to accept late service of the County's amended answer (*see Aabel v Town of Poughkeepsie*, 301 AD2d 739, 740 [2003]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.