■ Jason S. Planck, Appellant, v County of Schenectady, Respondent. [814 NYS2d 374]—

Spain, J. Appeal from a judgment of the Supreme Court (Reilly, Jr., J.), entered September 19, 2005 in Schenectady County, which, inter alia, granted defendant's motion to dismiss the second amended complaint.

Following his dismissal as a student from Schenectady County Community College (hereinafter SCCC), plaintiff commenced an action alleging violations of federal and state antidiscrimination laws against SCCC, Schenectady County and the SUNY Board of Trustees, among others. In March 2004, Supreme Court dismissed the complaint against all defendants, but conditioned the dismissal as to the County and SCCC, allowing plaintiff to cure his failure to state a cause of action against those defendants by serving an amended complaint within 30 days. Plaintiff timely served an amended complaint against the County, but failed to serve one on SCCC, prompting Supreme Court to dismiss the complaint against SCCC without further qualification. We affirmed the dismissal of the complaint against both SCCC and SUNY and the Court of Appeals denied plaintiff's motion for leave to appeal from those aspects of our decision (*Planck v SUNY Bd. of Trustees*, 18 AD3d 988 [2005], *lv dismissed and denied* 5 NY3d 844 [2005]).

Nevertheless, in August 2005, plaintiff filed an "amended complaint" under the same index number as his original action, again alleging that his dismissal from SCCC was discriminatory and naming, among others, SUNY, SCCC and the County as defendants. Supreme Court granted motions to dismiss the amended complaint by SUNY and SCCC based on its previous

orders dismissing plaintiff's claims against those defendants and dismissed the August 2005 second amended complaint against the County on the ground that plaintiff failed to comply with CPLR 3025. On plaintiff's appeal, we now affirm Supreme Court's order in all respects.

Inasmuch as SUNY and SCCC are no longer parties to this action—plaintiff's claims against them having been unconditionally dismissed by Supreme Court and affirmed by this Court on appeal—plaintiff's continued arguments against these entities in the context of this case are barred by the doctrine of the law of the case (*see Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003]; *Wigand v Murphy*, 271 AD2d 896, 897 [2000]; *cf. Berne Invs. v Wechsler*, 152 AD2d 804, 805 [1989]). Further, Supreme Court properly dismissed the second amended complaint against the County. "The decision to allow or disallow an amendment is committed to the court's discretion" (*Dygert v Leonard*, 138 AD2d 793, 794 [1988] [citations omitted]) and, here, plaintiff's amended pleading was served beyond all time periods available for making an amendment as of right under CPLR 3025 (a), and it is undisputed that plaintiff failed to seek the requisite leave to amend the complaint under CPLR 3025 (b).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.