■ JASON PLANCK, Appellant, v COUNTY OF SCHENECTADY, Defendant. (Action No. 1.) JASON PLANCK, Appellant, v STATE UNIVERSITY OF NEW YORK BOARD OF TRUSTEES et al., Defendants, and SCHENECTADY COUNTY COMMUNITY COLLEGE, Respondent. (Action No. 2.) [858 NYS2d 824]—

Spain, J. Appeal from an order of the Supreme Court (Hoye, J.), entered March 7, 2007 in Schenectady County, which denied plaintiff's motion for appointment of assigned counsel.

Plaintiff has previously been before this Court twice in an action against the various defendants regarding his dismissal as a student from defendant Schenectady County Community College (*Planck v County of Schenectady,* 29 AD3d 1053 [2006], *lv dismissed* 7 NY3d 783 [2006], *cert denied* 549 US —, 127 S Ct 675 [2006]; *Planck v SUNY Bd. of Trustees,* 18 AD3d 988 [2005], *lv dismissed and denied* 5 NY3d 844 [2005]). In 2005, plaintiff commenced a second action against all of the defendants named in the first action. In February 2007, plaintiff brought, under both actions, the instant motion in Supreme Court seeking the assignment of counsel in order to litigate the underlying actions. Supreme Court denied his motion and plaintiff appeals.

We affirm. Generally, in a civil action "there is no absolute right to assigned counsel; whether in a particular case counsel shall be assigned lies instead in the discretion of the court" (*Matter of Smiley,* 36 NY2d 433, 438 [1975]). Supreme Court properly concluded that plaintiff's complaints do not implicate the liberty interests that have been found to merit assignment of counsel in civil cases (*see generally Rivers v Katz,* 67 NY2d 485 [1986]; *Matter of Smiley,* 36 NY2d 433 [1975]; *Matter of Ella B.,* 30 NY2d 352 [1972]), and we find that Supreme Court

did not abuse its discretion in declining to assign counsel (*see* CPLR 1102 [a]; *Lloyd v Catholic Charities of Diocese of Albany*, 23 AD3d 783, 784 [2005]). Inasmuch as plaintiff's motion was clearly inadequate on its face to rule on the issue,* his claim that assigned counsel was required under the Americans with Disabilities Act of 1990 (*see* 42 USCA § 12131 *et seq.*) was also properly denied.

Cardona, P.J., Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Among other inadequacies, plaintiff's motion failed to state what his disability is or how, by reason of his disability, he has been "excluded from participation in or [has been] denied the benefits of the services, programs or activities of" Supreme Court (42 USC § 12132).