■ Law Offices of Thomas F. Liotti, LLC, et al., Appellants, v State of New York et al., Respondents, et al., Defend-

ant. [29 NYS3d 820]—In a claim, inter alia, to recover damages for negligence and fraud, the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Lopez-Summa, J.), dated March 19, 2013, as granted that branch of the motion of the defendants State of New York, Daniel Palmieri, Ira Warshawsky, Arthur Diamond, Ute Wolff Lally, Thomas Dana, Raymond J. Cunningham, and Brian Fischer which was pursuant to CPLR 3211 (a) (7) to dismiss the claim insofar as asserted against them, and, sua sponte, in effect, directed the dismissal of the claim insofar as asserted against the defendant Donald Felix, and denied that branch of the claimants' cross motion which was for a judgment declaring the Court of Claims Act unconstitutional.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, directed the dismissal of the claim insofar as asserted against the defendant Donald Felix is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the claim must be afforded a liberal construction, the facts therein must be accepted as true, and the claimant must be accorded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The court's function on such a motion is only to determine whether the facts as alleged fit within any cognizable legal theory (*see id.* at 87-88). Applying these principles to this case, we conclude that the Court of Claims correctly granted that branch of the motion of the defendants State of New York, Daniel Palmieri, Ira Warshawsky, Arthur Diamond, Ute Wolff Lally, Thomas Dana, Raymond J. Cunningham, and Brian Fischer which was pursuant to CPLR 3211 (a) (7) to dismiss the claim insofar as asserted against them, and, sua sponte, in effect, directed the dismissal of the claim insofar as asserted against the defendant Donald Felix.

The claimants' contention that the Court of Claims Act is unconstitutional lacks merit (*see McDonald v Chicago*, 561 US 742, 765 n 13 [2010]; *Monterey v Del Monte Dunes at Monterey, Ltd.*, 526 US 687, 719 [1999]; *Curtis v Loether*, 415 US 189, 192 n 6 [1974]; *Minneapolis & St. Louis R. Co. v Bombolis*, 241 US 211, 218 [1916]; *Graham v Stillman*, 100 AD2d 893 [1984]).

The claimants' remaining contentions are without merit. Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.