■ NICOLE SAWITSKY, Appellant, v STATE OF NEW YORK, Respondent. [46 NYS3d 123]—

In a claim to recover damages for emotional distress, the claimant appeals, as limited by her brief, from so much of an order of the Court of Claims (Mignano, J.), dated September 16, 2015, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the claim.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The claimant and her boyfriend were correction officers assigned to work at Green Haven Correctional Facility (hereinafter Green Haven), a prison owned and operated by the New York State Department of Corrections and Community Supervision (hereinafter DOCCS). When the claimant's boyfriend reported for duty on September 15, 2014, his cell phone was confiscated as contraband. It is alleged that DOCCS improperly stored the boyfriend's cell phone, and that, as a result, an unidentified person was able to access the cell phone and disseminate intimate photographs and videos of the claimant and her boyfriend stored thereon to other staff at Green Haven.

The claimant commenced this claim against the State of New York in the Court of Claims seeking damages for her emotional distress. In lieu of an answer, the State made a pre-answer motion, inter alia, pursuant to CPLR 3211 (a) to dismiss the claim. The court granted that branch of the motion on the ground that the claimant failed to state a cause of action (*see* CPLR 3211 [a] [7]). The claimant appeals. We affirm.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the claim must be afforded a liberal construction, the facts therein must be accepted as true, and the claimant must be accorded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]; *Law Offs. of Thomas F. Liotti, LLC v State of New York*, 139 AD3d 812, 813 [2016]). When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one (*see Leon v Martinez*, 84 NY2d at 87-88; *Berland v Chi*, 142 AD3d 1121 [2016]).

The Court of Claims correctly determined that, to the extent the claim seeks damages based on an invasion of privacy, New York does not recognize such a common-law tort (*see Cohen v Herbal Concepts*, 63 NY2d 379 [1984]; *Farrow v Allstate Ins. Co.*, 53 AD3d 563 [2008]). Likewise, the court correctly determined that public policy prohibits claims against the State for intentional infliction of emotional distress (*see Matter of Gottlieb v City of New York*, 129 AD3d 724, 727 [2015]; *Lauer v City of New York*, 240 AD2d 543, 544 [1997]; *Wheeler v State of New York*, 104 AD2d 496 [1984]).

To the extent the claim seeks damages for negligent infliction of emotional distress, the Court of Appeals has stated: "A breach of the duty of care resulting directly in emotional harm is compensable even though no physical injury occurred when the mental injury is a direct, rather than a consequential, result of the breach and when the claim possesses some guarantee of genuineness" (*Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d 1, 6 [2008] [internal quotation marks omitted]; *see Kennedy v McKesson Co.*, 58 NY2d 500, 504 [1983]; *Taggart v Costabile*, 131 AD3d 243, 255-256 [2015]; *Baumann v Hanover Community Bank*, 100 AD3d 814, 816 [2012]). Here, the Court of Claims correctly concluded that the alleged intervening acts of the unidentified person in obtaining the cell phone and disseminating the intimate photographs and videos stored thereon constituted a superseding cause which severed the causal nexus between the alleged failure to

secure the cell phone and the claimant's alleged injuries (*see Taggart v Costabile*, 131 AD3d at 256; *Nadal v State of New York*, 110 AD2d 890, 891 [1985]). The claimed emotional injuries did not directly result from the failure to secure the cell phone. Rather, the alleged emotional trauma suffered by the claimant resulted from the subsequent dissemination of the contents of the cell phone by an unknown person and the manner in which the claimant was treated by her coworkers after dissemination.

Accordingly, the Court of Claims properly directed the dismissal of the claim pursuant to CPLR 3211 (a) (7). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.