McDonagh v Carmel Cent. Sch. Dist. (2019 NY Slip Op 02334)





McDonagh v Carmel Cent. Sch. Dist.


2019 NY Slip Op 02334


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-11575
 (Index No. 442/12)

[*1]Emily McDonagh, etc., et al., appellants,
v
Carmel Central School District, respondent.


Raneri, Light & O'Dell, PLLC, White Plains, NY (Kevin D. O'Dell of counsel), for appellants.
Henderson & Brennan, White Plains, NY (Lauren J. Demase and Brian Henderson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Robert DiBella, J.), dated October 5, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 30, 2011, an adult male committed suicide during school hours in a dugout on the softball field at Carmel High School. His body was discovered by the infant plaintiff and other members of the varsity softball team at the beginning of practice. In February 2012, the infant plaintiff, and her parents suing derivatively, commenced this action against the defendant, the Carmel Central School District, to recover damages for the infant plaintiff's emotional distress and her parents' derivative losses. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
"A breach of the duty of care resulting directly in emotional harm is compensable even though no physical injury occurred when the mental injury is a direct, rather than a consequential, result of the breach and when the claim possesses some guarantee of genuineness" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [citations and internal quotation marks omitted]; see Kennedy v McKesson Co., 58 NY2d 500, 504; Ball v Miller, 164 AD3d 728, 730; Taggart v Costabile, 131 AD3d 243, 252). Here, the defendant established, prima facie, that the infant plaintiff's claimed emotional injuries did not directly result from its alleged negligent supervision and security, since the suicide was an unforeseeable act which severed the causal nexus (see Sawitsky v State of New York, 146 AD3d 914, 915; Maldari v Mount Pleasant Cent. Sch. Dist., 131 AD3d 1019, 1020; Weisbecker v West Islip Union Free Sch. Dist., 109 AD3d 657, 658-659). In opposition, the plaintiffs failed to raise a triable issue of fact.
Dismissal of the primary cause of action also necessitates dismissal of the derivative causes of action (see Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711; Paisley v Coin Device Corp., 5 AD3d 748, 750).
Accordingly, we agree with the Supreme Court's granting of the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court