Roemer v State of New York (2019 NY Slip Op 06007)





Roemer v State of New York


2019 NY Slip Op 06007


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-10370

[*1]Ronald Roemer, appellant, 
v
State of New York, respondent. (Claim No. 122773)


Pirrotti & Glatt Law Firm PLLC, Scarsdale, NY (Anthony Pirrotti, Jr., of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Thomas H. Scuccimarra, J.), dated May 22, 2018. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the claim.
ORDERED that the order is affirmed, with costs.
The claimant allegedly was injured when he tripped and fell on a protruding metal base or "stub" of a broken highway sign post embedded in a sidewalk alongside a state highway within the Village of Ardsley. Thereafter, the claimant commenced this claim against the State of New York to recover damages for personal injuries. The State moved pursuant to CPLR 3211(a)(7) to dismiss the claim. The Court of Claims granted the motion, and the claimant appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the claim must be afforded a liberal construction, the facts therein must be accepted as true, and the claimant must be accorded the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Law Offs. of Thomas F. Liotti, LLC v State of New York, 139 AD3d 812, 813). Applying these principles here, we agree with the Court of Claims that the claimant failed to state a legally cognizable cause of action against the State. As found by the court, the duty to maintain the subject sidewalk in a reasonably safe condition was upon the Village (see Highway Law § 46; Pardi v Barone, 257 AD2d 42; cf. Highway Law § 140[18]; Flynn v Town of N. Hempstead, 97 AD2d 430).
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court